WILLIAM J. PHILLIPS *v.* EBEN B. PHILLIPS.

Essex.   November 7, 1917. — April 8, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, & CARROLL, JJ.

*Probate Court,* Appeal, Master's report. *Equity Pleading and Practice,* Master's report.

On a petition under R. L. c. 162, § 13, to enter late an appeal from a decree of the Probate Court denying a petition to be appointed the administrator *de bonis non* of the estate of a certain intestate on the ground that the petitioner was the son and the only living heir of the intestate, the case was referred to a master to determine the sole question whether the petitioner was the son of the intestate. The master heard the parties and filed a report, in which he found, on evidence not reported, that the petitioner was not the son of the intestate, and later a decree was made confirming the master's report and dismissing the petition. *Held,* that the finding of the master in the absence of any report of the evidence was conclusive, and that the petition was dismissed rightly.

PETITION, filed in the Probate Court for the county of Essex on January 5, 1916, by William Jackson Phillips of Sioux City in the

State of Iowa, alleging that the petitioner is the son and the only living heir of John C. Phillips, late of Swampscott, who died on June 20, 1896, intestate, and praying to be appointed the administrator *de bonis non* of the estate of such intestate, not fully administered.

The Probate Court made a decree that, "it appearing that the petitioner is not the son of the said John C. Phillips as alleged in said petition, it is decreed that said petition be dismissed."

The petitioner filed a petition for leave to enter late·an appeal from the decree of the Probate Court. The case was referrred to a master to determine "the question whether the petitioner is the son of John C. Phillips as alleged in his petition for appointment as administrator." The master filed a report in which he found "that the petitioner is not the son of John C. Phillips of Swampscott," his father having been one John M. Phillips of Illinois.

The petitioner filed exceptions to the master's report. They were heard by *Pierce,* J., who made an interlocutory decree that the exceptions be overruled and the report be confirmed. The petitioner appealed.

Later by order of the single justice a final decree was entered denying the petition for leave to enter late the petitioner's appeal from the decree of the Probate Court denying his petition for appointment as administrator *de bonis non* of the estate of John C. Phillips, and from a decree of the Probate Court denying the petitioner's motion to reopen the hearing on his petition. The petitioner appealed.

*S. M. Phillips,* for the petitioner.

*R. G. Dodge,* for the respondent, submitted a brief.

CROSBY, J. On August 3, 1896, Leonard H. Phillips was appointed administrator of the estate of John C. Phillips, late of Swampscott in the county of Essex, by the Probate Court for that county. The administrator, so appointed, died without fully administering the estate, and on January 5, 1916, the petitioner filed in the Probate Court a petition for his appointment as administrator *de bonis non* of the estate on the ground that he was the son and only living heir of the intestate. This petition was dismissed by the judge of probate who found that the petitioner is not the son of the intestate as alleged in the petition.

The petitioner did not appeal from the entry of the decree upon

the petition, but, after the expiration of the time allowed by statute for the entry of the appeal, filed a petition in this court under R. L. c. 162, § 13, for leave to enter such appeal. Without acting upon this petition, a single justice referred the case to a master to determine the sole question, whether the petitioner is the son of John C. Phillips, as alleged in his petition for appointment as administrator *de bonis non.*

Upon this issue the master heard the parties and filed his report. He found upon the evidence, which is not reported, that the petitioner is not the son of the intestate. The petitioner filed several exceptions to the master's report, which were heard by a single justice of this court and an interlocutory decree has been entered overruling the exceptions and confirming the master's report. As the evidence is not reported, this decree must stand. The finding of the master that the petitioner is not the son of the intestate, in the absence of any report of the evidence, is conclusive; from this finding it appears that the petitioner is not a person who is aggrieved, and is not entitled to be appointed administrator *de bonis non* of the estate.

The entry of the final decree denying the petition for leave to enter late the petitioner's appeal from the decree of the Probate Court denying his petition to be appointed administrator *de bonis non* and his appeal from the decree of that court denying his motion to reopen the hearing on the petition presents no error of law.

The interlocutory and final decrees appealed from must be affirmed.

*So ordered.*