MARY E. SHEA *vs.* HENRY C. PETERS, AGNES M. PETERS, intervening petitioner.

Suffolk.   March 27, 1918. — May 23, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Attachment,* Dissolution, Special. *Statute,* Construction. *Constitutional Law,* Trial by jury. *Jury.*

Both R. L. c. 167, § 110, providing a defendant, whose property has been attached on mesne process, with a remedy, upon a petition, by reduction or dissolution of an excessive or unreasonable attachment, and St. 1909, c. 190, amending that statute by extending its benefits to a "person whose property has been attached," are remedial in their nature and designed to afford relief against conduct in its nature resembling abuse of the process of attachment; and their words should be construed in accordance with their manifest purpose in order to afford adequate redress for the evil against which they appear to be aimed.

An attachment, upon a writ of original summons and attachment in an action at law, described by the attaching officer in his return as an attachment "specially" of "all the right, title and interest the" defendant had "in and to" certain real estate, which he described by metes and bounds, "the record title to which stands in the name of" a person other than the defendant, is an attachment made "on mesne process" within the provisions of the statutes above described.

A wife, whose real estate, purchased by her with her own money, owned by her and standing of record in her own name, has been specially attached on mesne process in an action at law against her husband only, is "a person whose property has been attached" and as such is entitled to relief by dissolution of the attachment under the statutes above described.

The right to acquire a lien by special attachment under R. L. c. 167, §§ 38, 63, is a creature of statute, a right in its nature preliminary or subsidiary to the main question of liability involved in the action, and is not a natural right.

R. L. c. 167, § 110, amended by St. 1909, c. 190, does not violate the right to trial by jury secured by the Constitution.

CONTRACT OR TORT. Writ dated April 17, 1917.

The officer's return stated that he had "attached specially all the right, title and interest the" defendant had "in and to the following described piece or parcel of real estate the record title to which stands in the name of Agnes M. Peters," and described the parcel by metes and bounds.

On December 6, 1917, Agnes M. Peters filed a petition, which as afterwards amended, alleged that she was the wife of the defendant, that the plaintiff had made an unreasonable attachment of her property, asserting that property standing in her name was in reality the property of her husband, that such property had been purchased with her own money and was owned by her and that the defendant had no attachable interest therein. The prayer was that the special attachment should be discharged and for such other relief as should seem proper.

The petition was heard by *Wait*, J., who ruled that the petitioner's remedy was "after judgment under the statute providing for special attachments," dismissed the petition as a matter of law and reported the case for determination by this court.

*E. H. Savary*, for the intervening petitioner Agnes M. Peters.

No counsel appeared for the plaintiff.

RUGG, C. J. The plaintiff in this action against Henry C. Peters made special attachments of real estate, claiming that it belongs to him but stands fraudulently in the name of Agnes M. Peters. R. L. c. 167, §§ 38, 63, c. 178, § 1. Agnes M. Peters filed a petition alleging the attachments to be unreasonable, setting forth that she is the absolute owner of said real estate as the purchaser, having paid therefor with her own money, and that the defendant has no attachable interest therein, and praying that the attachments be discharged and for other relief. The judge of the Superior Court ruled that the exclusive relief of the intervening petitioner

is after judgment under the statute providing for special attachments, ordered the petition dismissed, and reported the matter.

The questions here presented expressly were left undecided in *Sederquist* v. *Brown,* 225 Mass. 217, 220. The decision depends upon the interpretation of R. L. c. 167, § 110, as amended by St. 1909, c. 190, under which this petition is framed. The plain terms of the pertinent section of the Revised Laws confined the right to petition for the reduction or discharge of excessive or unreasonable attachments to defendants. But the amending act expressly put any "person whose property has been attached" on the same footing with the defendant in this particular. As amended, the statutory words here relevant are, "If an excessive or unreasonable attachment is made on mesne process, the defendant or person whose property has been attached, may apply in writing . . . to a justice of the court to which such process is returnable, for a reduction of the amount of the attachment or for its discharge. . . . If, upon a summary hearing of the parties, it is found that the attachment is excessive or unreasonable, the justice shall reduce or dissolve the attachment or order a part of the goods or estate to be released."

Both the original and the amendatory statutes are remedial in their nature, designed to afford relief against conduct in its results resembling abuse of the process of attachment. The words should be construed in accordance with their manifest purpose in order to afford adequate redress for the evil against which the statute appears to be aimed.

It is not open to discussion that a special attachment of the kind here disclosed is an attachment made "on mesne process." *Place* v. *Washburn,* 163 Mass. 530.

The allegations of the petition bring the petitioner within the words of the statute. She is a "person whose property has been attached." It is none the less an attachment of her property because made on a writ running against some one else on the theory that it really is the property of a third person standing in her name. Such an attachment is a matter of record. It constitutes a lien upon her land. *Snyder* v. *Smith,* 185 Mass. 58, 61. As matter of common knowledge such an attachment is a serious interference with the freedom of action of an owner respecting sale or mortgage of the property.

The reason for the reduction or discharge of excessive or unreasonable attachments applies with quite as much force to third persons as to defendants. A. defendant can push his case to a trial and thus relieve himself of uncertainty about his liability. The third person whose property is attached by special process is not a party to the initial controversy. He has no interest in that matter. He cannot become a party to it directly. His contentions in a case like the present cannot in any other way be brought to the attention of the court until after the original action has terminated in a judgment in favor of the plaintiff and a writ of entry has been commenced by the judgment creditor under R. L. c. 178, § 47. He must stand helpless until the immediate parties to the action have settled their disputes. Equity affords no relief in the ordinary case. *Freeman* v. *Carpenter*, 147 Mass. 23. *Dunbar* v. *Kelly*, 189 Mass. 390, 393. It is conceivable that in the meantime great practical injury may be done. The hardship to a third person whose property thus might be attached specially is manifest. It would be natural to assume that legislation dealing with attachments would touch that branch of the subject. The phraseology of the statute as amended, given its ordinary meaning, includes the real and record owner of property which has been attached as belonging to some other person named as defendant in an action or suit. A somewhat strained construction would be required to exclude such owners from the benefits of the statute.

This is not a case where the field of law relating to special attachments appears to be so completely covered by other statutory provisions as to preclude the thought that the present statute relates to that matter as an additional element of relief. See *Crocker* v. *Justices of the Superior Court*, 208 Mass. 162, 178. The present statute appears to have as much relation to special as to other kinds of attachment. Giving the statute its natural meaning and effect in the light of the previous state of the law and the mischief intended to be remedied, it is applicable to a case like the present and permits the person whose property has been attached by special precept to invoke its aid.

The statute as thus interpreted does not violate the right to trial by jury secured by the constitution. Declaration of Rights, art. 15. The acquirement of a lien by special attachment is the creature of statute. It is not a natural right. It is preliminary

or subsidiary to the main question, which is the establishment of the debt or damage alleged to be due from the principal defendant. This proceeding as to the attachment of property does not affect that main question. It is both in form and in substance merely a qualified custodianship by the law, for the security of a creditor, over property in which the debtor is alleged to have an interest. A summary hearing for the purpose of preventing or averting the effects of oppressive or unreasonable conduct in this particular does not offend against any constitutional right. As was said respecting a somewhat similar contention in *O'Neil* v. *Glover*, 5 Gray, 144, at page 161, "The objection would apply with equal force to a writ of replevin, or to a taking on mesne process or by foreign attachment." *Stockbridge* v. *Mixer*, 215 Mass. 415, 418.

It follows that the ruling was wrong and the case is to stand for hearing upon the petition of Agnes M. Peters.

*So ordered.*