WILLIAM J. PHILLIPS *vs.* EBEN B. PHILLIPS & another.

Essex.    November 15, 1921. — March 6, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Probate Court,* Decree: revocation.

A demurrer to a petition in the Probate Court for revocation of a decree of that court dismissing a petition for the appointment of an administrator must be sustained where the only allegations upon which the petitioner for revocation relies are of fraud practised upon a master who was appointed by the Supreme Judicial Court for the county to hear a single issue arising upon another petition in that court for a late entry of an appeal from the decree, filed by the petitioner after the dismissal of a former appeal filed by him from the same decree, mistakes made by that master, resignations of attorneys for the petitioner before the hearing in the Probate Court and failure of an attorney who represented him at that hearing to present evidence of which the attorney knew and which he might have presented.

Fraud and mistake alleged to have been involved in a hearing and determination of a petition in the Supreme Judicial Court for a county for a late entry of an appeal from a decree of the Probate Court made in 1916, are not grounds for the revocation of the decree of the Probate Court.

Resignations of attorneys for a petitioner for administration in the Probate Court and a failure of an attorney representing the petitioner at the hearing on the petition to present evidence for the petitioner of which he knew and which he might have presented are not grounds for revocation of a decree of that court dismissing the petition.

PETITION, filed in the Probate Court for the county of Essex on March 28, 1921, and afterwards amended, seeking the revocation of a decree of that court made on October 30, 1916, dismissing a petition of this petitioner to be appointed administrator *de bonis non* of the estate of John C. Phillips, late of Swampscott.

Material allegations of the petition as amended are described in the opinion.

Eben B. Phillips and Charles E. Phillips demurred on the ground that the petition as amended did not state any facts entitling the petitioner to any relief in law or equity. The demurrers were heard by *Dow*, J., were sustained, and a final decree was entered dismissing the petition. The petitioner appealed.

'S. *M. Phillips*, for the petitioner.

*R. S. Wilkins*, for the respondents, submitted a brief.

JENNEY, J. The question here considered arises upon a petition filed in the Probate Court for Essex County by William Jackson Phillips for revocation of a decree of said court dismissing his petition for appointment as administrator *de bonis non* of the estate of John C. Phillips. A decree having been entered dismissing the amended petition upon demurrer thereto, the case is here upon the petitioner's appeal.

The petition in substance alleged the following facts which must be assumed to be true for the purpose of deciding whether the demurrer was rightly sustained. After the filing of the petition for administration hereinbefore referred to, attorneys representing the petitioner resigned and another attorney, employed by him, did not offer evidence. This is assumed to mean that the attorney did not present to the court evidence known to him and which might have been offered. The petition having been dismissed, another petition was filed in the Supreme Judicial Court asking leave to enter a late appeal from said dismissal. A master was appointed to find and report whether William Jackson Phillips was the son of John C. Phillips. At the hearings before the master, "manufactured evidence," the purport of which is recited in the petition now under consideration, was offered in behalf of Eben B. Phillips, a respondent. Other evidence, also recited in considerable detail, was a "mistake" and "a fraudulent representation to deceive the court, [master]" so that he "could not give the proper attention and use the same judicial mind in determin-

ing the case as if the facts had been told" as the petitioner states them to have been. There is recited evidence offered by the petitioner before the master. The latter found that William Jackson Phillips was not the son of John C. Phillips, and the case came before this court upon appeal. Following the language of this petition, "By the mistake of his [the petitioner's] attorney in not having the evidence reported the full court upheld the decree made by the Probate Court."

The present petition also recites other evidence introduced before the master. This need not here be stated. The allegations are not sufficient to show that the evidence was such as to require a conclusion different from that of the master, or that it was not available for use before him. The reference in the petition to the decision of the full court evidently relates to *Phillips* v. *Phillips*, 230 Mass. 14, where it appears that a master, appointed in the Supreme Judicial Court, found, after hearing, that the petitioner was not the son of John C. Phillips. A decree was entered confirming this report and dismissing the then pending petition; upon appeal this decree was affirmed.

As far as the petitioner seeks relief because of what took place before the master, this petition cannot be maintained. The facts there stated relate to a decision in a proceeding originating in the Supreme Judicial Court.

The allegations made as reasons for revocation of the decree entered in the Probate Court on October 30, 1916, relate only to the resignations of the petitioner's attorneys and their failure to present evidence, the tenor of which is not stated, to the court. This is no ground for a revision of the decree.

It is not necessary to decide this case upon the authority of *Renwick* v. *Macomber*, 233 Mass. 530. It is apparent that reasonable opportunity has been given for hearing on the facts material to the issue set forth in the present petition, that the demurrer was rightly sustained, and that the decree of the Probate Court ordering the dismissal of the petition must be affirmed.

*Ordered accordingly.*