EBEN B. PHILLIPS *vs.* WILLIAM J. PHILLIPS.

Essex.     November 11, 1927. — January 25, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court,* Appeal.   *Res Judicata.*

It appearing, at the hearing of a motion to strike out an appearance entered in a probate court opposing a petition for the appointment of an administrator, that the contestant asserted himself to be a party interested in the estate as the son of a deceased brother of the intestate, and that he was the same person who, by final decrees in probate proceedings relating to two other estates, which had been affirmed on appeal to this court, had been adjudged not to be such a son, it was proper for the judge of probate to find and rule that he was not such a son and to allow the motion.

PETITION, filed in the Probate Court for the county of Essex on January 31, 1927, that Eben B. Phillips be appointed administrator of the estate of Charles E. Phillips, late of Swampscott.

William J. Phillips, by his attorney in fact, Stella M. Phillips, appeared to oppose the petition.   On February 21, 1927, the petitioner moved to "strike out the appearance of William J. Phillips on the ground that by reason of proceedings in this Court in No. 79,595, Estate of John C. Phillips, a brother of the intestate (in which proceedings there were appeals to the Supreme Judicial Court decided 230 Mass. 14 and 241 Mass. 47) and in No. 58,916, Estate of Maria L.

Phillips, mother of the intestate, it is *res judicata* between William J. Phillips and the intestate, between said William J. Phillips and the petitioner, and between said William J. Phillips and all the heirs at law and next of kin of the intestate that said William J. Phillips is not the son of said John C. Phillips, is not the nephew of the intestate, and cannot be a person interested in the estate of the intestate."

The motion was heard by *White*, J., and was allowed on March 9, 1927. On March 10, the petition was allowed. On April 13, 1927, the order of March 9 was "revoked for the purpose of allowing the said William J. Phillips to enter an appeal," and, on the same day, the following order was entered: "And now, after the foregoing order of revocation a new order is hereby made allowing said motion." On April 16, William J. Phillips claimed "an appeal from said decree dated April 13 to the Supreme Judicial Court," and requested a finding of facts in the matter of the motion. The judge filed the following report: "At the hearing on the motion in issue, it was stated by Stella M. Phillips wife of said William J. Phillips and his 'attorney in fact,' in his presence, that he based his claim of right to appear as a party in interest in proceedings affecting the estate of the intestate Charles E. Phillips, on the allegation that he, the said William J. Phillips, was a son of John C. Phillips, a deceased brother of said Charles E. Phillips.

"It appearing that the appellant is the same William J. Phillips to whom the decisions of the Supreme Judicial Court refer, reported respectively in 230 Mass. 14, and in 241 Mass. 47, it was found and ruled that he was not a son of John C. Phillips."

There was no stenographer appointed under the provisions of G. L. c. 215, § 18, and no report of evidence was made.

*S. M. Phillips*, attorney in fact for the respondent.

*R. S. Wilkins*, for the petitioner, submitted a brief.

BRALEY, J. Charles E. Phillips died intestate January 23, 1927, leaving property to be administered, and Eben B. Phillips, a nephew of the decedent, duly applied to the court of probate for appointment as administrator. G. L. c. 193, § 1. A citation to the heirs at law was issued February 1,

1927, and William J. Phillips entered an appearance by his attorney in fact on February 14, 1927, claiming that, being the son of John C. Phillips, a deceased brother of the intestate, he was entitled to be heard on the question whether the petitioner should be appointed. The court on the motion of the petitioner and after hearing adjudged on April 13, 1927, that William J. Phillips was not the son of John C. Phillips, and that his appearance should be stricken out. It is contended by William J. Phillips, who appealed, that the order should be reversed.

The rights of the appellant depended on his kinship to the intestate. It was a question of fact, whether he was the son of John C. Phillips, and, this question having been settled adversely to his claim in *Phillips* v. *Phillips,* 230 Mass. 14, where it was directly raised and which decision was followed in *Phillips* v. *Phillips,* 241 Mass. 47, the entry must be,

*Order affirmed.*