Bolster, C. J.
This report is upon the denial of a petition to dissolve attachment under Gen. Laws (Ter. Ed.) Ch. 223 §114.
The facts recited in the petition are admitted. So far as material they are that in 1925 conveyance of real estate was made to Henry I. Fitzgerald and Lillian M. Fitzgerald, husband and wife, as tenants by the entirety. By that deed, Henry I. took an interest alienable by him, Donahue v. Hubbard, 154 Mass. 537 and attachable by his creditors, Raptes v. Pappas. 259 Mass. 37 such alienation or attachment being defeasible if his wife survived him. In April, 1927 Henry I. gave a deed to John F. Fitzgerald in which his wife joined, not as a grantor, but only to release dower, and in the same month John F. Fitzgerald deeded the property to this petitioner. The consequence of the deed of Henry I. was that thereafter he had no interest which, as to him, could be conveyed or attached.
On December 29, 1927, the respondent Cannon caused a general attachment to be made, upon a writ issuing from this court, of the real estate of Henry I. Fitzgerald in Suffolk County, and that action is still pending. The attaching creditor refuses to discharge the attachment.
The judge, at the request of the respondent, ruled that the petition could not be maintained on the allegations contained therein. We think he was right. Before an attach *81 ment can be found to be excessive or unreasonable there must be an attachment of some .prima facie validity, something which is capable of legal fruition. Such was the case in Shea v. Peters, 230 Mass. 197, where there was a special attachment, authorized by Gen. Laws, Ch. 223 § 67, of land alleged to have been conveyed in fraud of creditors. Such was also the case in Long v. George, 1935 A. S. 959, where an officer had attached chattels and sold them on execution sale to the execution creditor. The real question in that case, upon which the court divided, was whether the denial of a petition to dissolve the attachment, made in the action at law, was an adjudication binding the petitioner in a subsequent bill in equity to reclaim the goods in fact attached.
The statute here invoked was not designed to cover and by its terms does not cover, cases other than those in which property is held in the grasp of the law. This property is not so held. The statute does not extend to all cases in which a court of equity might remove a cloud upon title. If this petition is to be entertained, we should also have to act to remove from the record attachments dissolved by death, those extinguished by foreclosure of prior mortgages or execution sales, those against all prior owners in a chain of title made, as here, after alienation, those bad on their face, and many other similar cases. The statute carries no mandate to make titles acceptable to timorous conveyances.
Since this petition will not lie, it is unnecessary to consider detailed rulings.
Report dismissed.