ROSE FISHMAN, administratrix, *vs.* MILTON D. ALBERTS & others.

Suffolk.  February 5, 1947. — April 11, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Judgment.  Fraud.  Deceit.  Equity Jurisdiction,* To reach and apply. *Equity Pleading and Practice,* Decree.

While a consent decree entered in a suit in equity remained in full force, the plaintiff could not recover damages from the defendant for deceit or fraud inducing the plaintiff's consent to the entry of the decree, and it was immaterial that the form of the proceeding for such damages was a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (8).

BILL IN EQUITY, filed in the Superior Court on October 16, 1946.

Demurrers were heard by *Donnelly,* J.

*Lee M. Friedman,* (*N. Learner* with him,) for the plaintiff. *K. T. Temple,* for the defendants Alberts and another.

RONAN, J.  The plaintiff as administratrix of the estate of her husband, who at the time of his death was a partner of the defendant Alberts, alleges that Alberts on the death of her intestate claimed as his exclusive property all the partnership assets and transferred them to the defendant Whitman Bags, Inc., which he organized and in which he held all the shares of stock; that she had brought a bill in equity against Alberts and this corporation for the liquidation of the partnership and for an accounting, which was settled between the parties by the entry of a final decree in accordance with which Alberts paid the plaintiff $16,405.60 and gave her an assignment of an account receivable against one Zola in the sum of $900; that she was induced by the false and fraudulent representations of Alberts and the corporation to accept this assignment as of the value of $900;

and that the defendant Zola claims that he has a counterclaim against the said account and denies liability thereon. The bill prays for an accounting to determine the amount due from Zola and from Alberts; that the interest of Alberts in the corporation be reached and applied to the satisfaction of her claim; and for general relief. The demurrers of Alberts and the corporation were sustained, and the judge reported his action to this court.

The final decree in the previous suit, which was entered with the consent of the parties, ordered the payment of certain amounts to the plaintiff and the assignment of the Zola account upon which, it was stated, there was due a balance of $900. The amounts ordered to be paid have been received by the plaintiff, and she has accepted the assignment of the account. She does not seek to vacate or modify that decree, but she seeks an award of damages because of the alleged fraud of the defendants Alberts and the corporation which induced her to consent to the decree. The question presented is whether she is bound by the terms of the decree and is precluded from enforcing such a claim for damages while the decree remains in full force and effect or, specifically, whether she can recover damages because the alleged value of the Zola account was less than the amount represented to her and stated in the decree.

We are dealing with a consent decree that grants affirmative relief to the plaintiff. The great weight of authority supports the principle that such a decree is as binding and conclusive upon the parties as if it had been entered after a trial and a determination of all the issues. We think that this rule is applicable to the present suit and that the plaintiff is bound by the terms of that decree so long as it stands. *Nashville, Chattanooga & St. Louis Railway* v. *United States*, 113 U. S. 261. *Harding* v. *Harding*, 198 U. S. 317. *Swift & Co.* v. *United States*, 276 U. S. 311. *Utah Power & Light Co.* v. *United States*, 42 Fed. (2d) 304. *Bullard* v. *Commissioner of Internal Revenue*, 90 Fed. (2d) 144. *Cowley* v. *Farrow*, 193 Ala. 381. *Brasher* v. *First National Bank*, 232 Ala. 340. *Holcombe* v. *Jones*, 197 Ga. 825. *Knobloch* v. *Mueller*, 123 Ill. 554. *O'Connell* v. *Chicago Terminal Transfer*

*Railroad,* 184 Ill. 308, 325. *Fletcher v. Holmes,* 25 Ind. 458. *Schermerhorn v. Mahaffie,* 34 Kans. 108. *Sidelinker v. York Shore Water Co.* 117 Maine, 528. *Russell v. White,* 63 Mich. 409. *Wallace v. Goldberg,* 72 Mont. 234. *Sponseller v. Sponseller,* 110 Ohio St. 395. *Dean v. Dean,* 136 Ore. 694. *Chester City v. White,* 220 Pa. 646. *Wilson v. Schaefer,* 107 Tenn. 300. *Harris v. Harris's Estate,* 82 Vt. 199. *Seiler v. Union Manuf. Co.* 50 W. Va. 208.

The gist of the present suit is the fraud that the plaintiff alleges caused her to consent to the entry of the decree. The fraud of which she complains permeated the decree and resulted in a fraudulent decree. The fraud, therefore, cannot be separated from the decree and it was not independent of the decree. However viewed, the cause of action alleged goes back to the decree. The bill of complaint is in reality an action of tort for deceit which is brought in equity in order to reach and apply property which cannot be attached or taken on execution. G. L. (Ter. Ed.) c. 214, § 3 (7), (8). The suit comes within the general principle that one cannot, while a judgment or decree continues in force and effect, recover damages alleged to be due to the fraud that led to the rendition of the judgment or the entry of the decree. *Engstrom v. Sherburne,* 137 Mass. 153. *People's Savings Bank v. Heath,* 175 Mass. 131. *Gerini v. Pacific Employers Ins. Co.* 27 Cal. App. (2d) 52. *Hall v. Hall,* 91 Conn. 514. *Duffy v. Frankenberg,* 144 Ill. App. 103. *Shultz v. Shultz,* 136 Ind. 323. *Dunlap v. Glidden,* 31 Maine, 435. *Smith v. Abbott,* 40 Maine, 442. *Lyford v. Demerritt,* 32 N. H. 234. *Hillsborough v. Nichols,* 46 N. H. 379. *Stevens v. Rowe,* 59 N. H. 578. *White v. Merritt,* 7 N. Y. 352. *Smith v. Lewis,* 3 Johns. 157. *Tuttle v. Tuttle,* 46 N. D. 79. *Risman v. Krupar,* 45 Ohio App. 29. *Purdy v. Winters' Estate,* 79 Ore. 614. *Cunningham v. Brown,* 18 Vt. 123.

The interlocutory decrees sustaining the demurrers are affirmed.

*So ordered.*