Lewiton, J.
In this case, which is described in the report as “an action of tort for deceit and fraud,” the plaintiff claims to be aggrieved by the ruling of a single justice sustaining a demurrer to the declaration.
In his declaration the plaintiff alleged “that on or about September 1, 1947, he was in control of a certain tenement in the premises known as Apartment No. 4, consisting of three rooms, in the building numbered 69 Greenwood Street, Dorchester, Massachusetts, under a tenancy at will with *38 the defendant, owner of the said real estate; that said tenement had been occupied by the plaintiff and his family and used as a dwelling-house; that the plaintiff did perform all the duties and obligations imposed on him by said rental agreement; that on or about September 5,1947, the defendant caused the plaintiff and his family, by threats of illegal eviction from said tenement, to vacate said premises; that, previous to said threats of eviction, the defendant caused to be filed with the Office» of Price Administration a petition for the purpose of securing a certificate to evict the plaintiff; that said petition contained a statement that the defendant desired said premises for his own personal occupancy, which statement was untrue; that as a result of said untrue statement said petition was granted, giving the defendant authority to evict the plaintiff; that said petition would not have been granted had the defendant not made said untrue statement, but by reason of said statement the plaintiff was caused to vacate said premises by proceedings filed with the Municipal Court of the Dorchester District, in which Court a certificate of eviction issued by the Office of Price Administration was filed; that the plaintiff was thereby caused considerable expense, and his wife became ill, and the plaintiff suffered great damage.”
The grounds for demurrer assigned by the defendant were: “1. That the declaration sets forth no legal cause of action against the defendant. 2. Res Judicata.”
Since, as the plaintiff correctly suggests in his brief, there is nothing in his declaration which indicates that the eviction proceedings in the Municipal Court of the Dorchester District (hereinafter referred to as the Dorchester Court) have ever gone to trial or judgment, the defense of res judicata is not applicable.
*39 However, the demurrer was properly sustained for the assigned reason that the declaration fails to set forth a legal cause of action.
It is readily apparent that the declaration does not allege the essential elements of a cause of action for deceit or fraud. Thus, there is no allegation that the defendant made the alleged misrepresentation with the intent to induce the plaintiff to rely upon it, or that the plaintiff did in fact believe or rely upon the alleged misrepresentation, and vacate the premises in reliance thereon. Butler v. Martin, 247 Mass. 169, 173. cf. Cheraska v. Ohanasian, 259 Mass. 341, 346. See Restatement, Torts, sec. 525. On the con- . trary, the plaintiff alleges that he was caused to vacate the described premises “by threats of illegal eviction” and “by proceedings filed with the Municipal Court of the Dorchester District. ”
If this action be regarded as one of tort for wrongful eviction, the declaration is likewise insufficient to sustain it. There is no allegation of actual expulsion of the plaintiff from the premises. His claim must, therefore, rest upon the theory of constructive eviction, which has been defined by the Supreme Judicial Court as “an act of a permanent character, done by the landlord, or by his procurement, with the intention and effect of depriving the tenant of the enjoyment of the premises demised, ... to which he yields and abandons possession.” (Italics supplied.) Royce v. Guggenheim, 106 Mass. 201, 202. Shindler v. Milden, 282 Mass. 32, 33.
Conceding the intention of the present defendant to deprive the plaintiff of the enjoyment of the described premises, the acts alleged to have been done by the defendant, including undefined threats of illegal eviction, misrepre *40 sentation to the Office of Price Administration, the commencement of eviction proceedings in the Dorchester Court, and the filing therein of a fraudulently obtained O. P. A. certificate authorizing the defendant to institute eviction proceedings, did not have the effect of depriving the tenant of the use of the premises. From all that appears in the declaration, the plaintiff could have continued to occupy the premises until all of the issues in the eviction proceedings, including the question of landlord’s good faith and the purpose for which he actually desired the premises, were tried and adjudicated in the Dorchester Court. Consequently, the declaration does not allege facts showing a constructive eviction by the defendant.
It has been stated in argument before this Appellate Division that the landlord had in fact obtained judgment in his favor in the eviction proceedings in the Dorchester Court prior to the tenant’s vacating the premises. No such facts are alleged in the declaration, and in our opinion, they may not be inferred from the facts alleged.
However, even if the declaration were to be construed as alleging that the eviction of the tenant was effected pursuant to a judgment of the Dorchester Court in favor of the landlord in the proceedings referred to, the present action would be barred by the doctrine of res judicata. In the recent case of Gradetsky v. Siegel, (No. 258813), we held that the entry of judgment after trial in eviction proceedings is conclusive1 upon the parties with respect to the issues involved in such proceedings, including the landlord’s good faith and the purpose for which he actually desired the premises, and that the tenant may not thereafter, in collateral proceedings, seek a re-determination of those issues. See, also, David v. Fayman, 273 App. Div. 408, 78 N. Y. S. *41 2d 188. Thomsen v. Texon, 189 Misc. 972, 73 N. Y. S. 2d 543. That decision was based upon the established principle that the entry of judgment is conclusive on the parties with respect to the issues which were or might have been litigated by them in the proceedings leading to the judgment. Homer v. Fish, 1 Pick. 435. Fishman v. Alberts, 321 Mass. 280. On the assumption that the declaration might be construed as alleging that the eviction of the plaintiff was effected pursuant to a judgment of the Dorchester Court in the eviction proceedings referred to, the defense of res judicata would be open on demurrer. See Lonnquist v. Lammi, 242 Mass. 574. Fishman v. Alberts, supra.
There is no merit in the plaintiff’s alternative contention that his declaration sets forth a cause of action under the federal Price Control Act then in effect. Gradetsky v. Siegel supra. Leidy v. Connor, 70 Fed. Supp. 1022. Fleming v. Fosternock, 71 Fed. Supp. 821.
Order sustaining demurrer affirmed, report dismissed.