350 Mass. 173                                                    173

Nantucket Exp. Lines *v.* Woods Hole, Martha's Vineyard & Nant. S.S. Authy.

NANTUCKET EXPRESS LINES, INC. & others *vs.* WOODS
HOLE, MARTHA'S VINEYARD AND NANTUCKET
STEAMSHIP AUTHORITY.

Bristol.   December 10, 1965. — February 3, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Res Judicata. Equity Jurisdiction,* Bill of review. *Equity Pleading and
Practice,* Decree, Parties, Proceeding for review.

A denial of a petition for leave to file a bill of review, although not em-
bodied in a decree, was in substance a decree and was so treated by this
court.   [174]
A corporation owned and controlled by a party to certain litigation was,
in the circumstances, a privy of his with respect to the application of
the doctrine of res judicata in subsequent litigation to which he and the
corporation were parties.   [175]
A decree entered by consent on a bill of review based on a change in the
applicable law subsequent to the decree reviewed barred under the doc-
trine of res judicata a later proceeding between the same parties or
their privies seeking a review of the same decree on the basis of the same
change in the law.   [175–176]

PETITION for leave to file a bill of review, filed in the
Superior Court on January 20, 1965.

The petition was denied by *Dewing, J.*

*Roger F. Turner* for the petitioners.

*Laurence S. Fordham* for the respondent.

SPALDING, J.   In July, 1959, a final decree was entered in
the Superior Court in a suit brought by the New Bedford,
Woods Hole, Martha's Vineyard and Nantucket Steam-
ship Authority (the Authority) against Nantucket Express
Lines, Inc., Island Steamship Lines, Inc., Island Service
Co., Joseph T. Gelinas and Carl A. Dahlberg.   That decree
enjoined the five defendants (petitioners here) and their
officers, servants and agents from operating the vessel
"Martha's Vineyard" between the mainland of the Com-
monwealth and Nantucket, so long as any bonds issued by
the Authority pursuant to St. 1948, c. 544, remained unpaid.

174                                          350 Mass. 173

Nantucket Exp. Lines *v.* Woods Hole, Martha's Vineyard & Nant. S.S. Authy.

In January, 1965, three of the defendants[1] in the 1959 suit petitioned for leave to file a bill to review the decree entered in that suit. Leave was denied and the petitioners have appealed.[2]

The 1959 decree was entered in accordance with St. 1948, c. 544, § 6, which provided in part: "While any bonds issued by the Authority remain unpaid, no person shall operate a vessel of more than one hundred tons gross tonnage to carry by water passengers or freight between the mainland of the commonwealth and the islands of Martha's Vineyard and Nantucket, and the Authority shall be entitled to receive injunctive relief against such operation." By St. 1960, c. 701, the Authority was abolished, the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (the new Authority) was created, and the new Authority was vested with all the assets of the Authority and assumed all its indebtedness and liabilities. Section 5 of c. 701 provided that "no person shall operate a vessel of more than one hundred gross tons for the carriage of passengers, vehicles or freight for hire by water between the mainland of the Commonwealth and the island of Martha's Vineyard or the island of Nantucket or between said islands unless licensed or permitted in writing so to do by the [new] Authority. The superior court shall have jurisdiction, on a petition in equity by the [new] Authority, to enjoin any such operation."

The bill of review which the petitioners sought leave to file in the present proceeding asserted that St. 1960, c. 701, was new matter arising after the entry of the decree in 1959 and requiring the vacating of the decree. A bill of review is the appropriate proceeding by which to seek reversal or modification of a final decree in equity by reason of new matter arising after the entry of the decree. *Boston & Maine R.R.* v. *Greenfield,* 253 Mass. 391, 397. *Brooks* v.

---

[1] Island Service Co. and Carl A. Dahlberg did not join in the petition.

[2] Although the denial was not embodied in a decree, it was in substance a decree and will be so treated. See *Bressler* v. *Averbuck,* 322 Mass. 139, 143, and cases cited.

350 Mass. 173                                            175

Nantucket Exp. Lines *v.* Woods Hole, Martha's Vineyard & Nant. S.S. Authy.

*National Shawmut Bank,* 323 Mass. 677, 684. A change in the applicable law may be such new matter. *Sawyer* v. *Davis,* 136 Mass. 239, 246–247.

Thus, if there were no more to the case than this, we would have to consider whether the changes in the governing law made by St. 1960, c. 701, require any changes in the 1959 decree. That question, however, need not be answered since a reconsideration of the 1959 decree is barred by a prior adjudication in a proceeding between the same parties or their privies involving the same issues.

In May, 1962, Nantucket Express Lines, Inc. and Joseph T. Gelinas petitioned for leave to file a bill to review the 1959 decree.[3] The 1962 bill of review set forth the abolition of the Authority by St. 1960, c. 701, and the creation of the new Authority. It concluded: "[A]s a result of said new matters and occurrences arising after the entry of . . . [the 1959 decree] the issues set forth in the . . . original petition . . . in equity have become moot, and . . . it would be inequitable and constitute a hardship upon your petitioners unless . . . [the 1959 decree] be vacated." A final decree was entered in the 1962 bill of review proceeding modifying the 1959 final decree in respects not here relevant.

Thus, in 1962 the new matter now relied upon by the petitioners was in existence. It was then relied upon as the basis for seeking review of the 1959 decree. A final decree was entered in the 1962 proceeding and the petitioners are bound by that adjudication "as to every issue that in fact was or in law might have been litigated." *Cleaveland* v. *Malden Sav. Bank,* 291 Mass. 295, 298. *Willett* v. *Webster,* 337 Mass. 98, 102. All that the petitioners seek to ac-

---

[3] Island Steamship Lines, Inc. was not a party to the 1962 bill of review. At all relevant times, however, it was owned and controlled by Gelinas. Thus, it is "so identified in interest with a party to former litigation that . . . [it] represents precisely the same legal right in respect to the subject matter involved," *Jefferson Sch. of Social Science* v. *Subversive Activities Control Bd.* 331 F. 2d 76, 83 (Ct. App. D. C.), and the doctrine of res judicata applies to it as a privy of a party to the former litigation. See *Hart Steel Co.* v. *Railroad Supply Co.* 244 U. S. 294, 298; *Keystone Mining Co.* v. *Gray,* 120 F. 2d 1, 6–7 (3d Cir.).

complish by the present proceeding might have been litigated under the 1962 bill of review. That the decree was entered by consent does not make it any less conclusive. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 109. *Fishman* v. *Alberts,* 321 Mass. 280, 281 A final decree entered in a bill of review is as much an adjudication for the purposes of the doctrine of res judicata as is any other final decree. See Restatement: Judgments, § 112, comment i. See also *Gordinier's Appeal,* 89 Pa. 528; *Frauenthal's Appeal,* 100 Pa. 290, 295–296.

> *Decree dismissing petition affirmed*
> *with costs of appeal.*