ROSE N. MARCUS *vs.* PEARCE WOOLEN MILLS, INC.

Worcester.   November 8, 1967. — January 4, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Probate Court*, Parties, Decree.  *Executor and Administrator*, Attaching creditor.  *Attachment.*

Following an appearance of a party in a Probate Court in opposition to the allowance of a will, a decree vacating the appearance on the ground that that party had no interest in the testator's estate was final so

---

far as that party was concerned, and an appeal by him therefrom "present[ed] a case ripe for consideration by this court." [484–485]

A creditor of a testator's heir to whom would descend an interest in real estate of the testator if the testator's will were disallowed had standing to contest it after making an attachment of the real estate. [486]

PETITION filed in the Probate Court for the county of Worcester on August 24, 1966, for proof of the will of Maurice Marcus.

A motion to vacate an appearance of Pearce Woolen Mills, Inc., was allowed by *Rice*, J.

*John F. Keenan* for Pearce Woolen Mills, Inc.

*James J. Phillips* for Rose N. Marcus.

SPIEGEL, J. This is an appeal from a decree of the Probate Court vacating the appearance of an attorney for Pearce Woolen Mills, Inc. (Pearce), an attaching creditor of one Richard S. Marcus, a son and heir at law of the testator.

Maurice Marcus died on August 11, 1966. His heirs at law were his widow, a son, a daughter and two grandchildren. The widow filed a petition for probate of the testator's will, under the terms of which she was the sole beneficiary. The testator died seized of real estate in Worcester County. On October 6, 1966, Pearce made an attachment "of the real estate of Richard S. Marcus standing of record in the name of Maurice Marcus" in the Worcester District registry of deeds. On October 7, 1966, Pearce filed an appearance in opposition to the allowance of the will. On October 24, 1966, the widow filed a motion to vacate this appearance on the grounds "that the appearance of Pearce" "was not seasonably filed" and that Pearce "has no interest in the Estate of . . . [the testator]." The court allowed the motion to vacate on November 1, 1966.

The appellee contends that "[the] record does not present a case ripe for consideration by this Court." We do not agree. Although her argument on this issue seems to be interspersed with other points, we gather that her principal contention is "that there has been no final decree of any kind entered in the Probate Court." As far as Pearce is concerned the allowance of the motion was decisive and

final. Therefore, we hold that the case is properly before us. See *Bressler* v. *Averbuck*, 322 Mass. 139, 143, and cases cited; *Nantucket Exp. Lines, Inc.* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 350 Mass. 173, 174. See also *Finer* v. *Steuer*, 255 Mass. 611; *Edwards* v. *Cockburn*, 257 Mass. 153; *Phillips* v. *Phillips*, 262 Mass. 343.

Although the appellee in her brief raises "[t]he question of the timeliness of the appearance" of the appellant we do not treat with this argument because the record states that "The timeliness of the appearance is not an issue in this appeal." In any event, we note that the appearance was entered prior to any action by the court.

The only other question before us is whether Pearce has a sufficient interest in the estate to give it standing to contest the will. The legal principles governing the standing of creditors of an heir to contest a will have been long settled in this Commonwealth. A mere creditor is said to have too remote and contingent an interest to be an aggrieved party. However, a creditor who has attached property which would descend to the debtor but for the allowance of the will stands on a different footing. The leading case on the subject is *Smith* v. *Bradstreet*, 16 Pick. 264. In a factually similar situation, Chief Justice Shaw observed that the creditor's "title depends upon proof of the will. An attachment constitutes a lien, a real interest in the land, which may be followed up to a perfect title. If the will is proved, it defeats this title; if rejected, it establishes it. The trial of this fact, in the probate court, is conclusive upon this question, and the appellant has no other time, place, or forum to try it in. If this will is established . . . [without the appearance of the appellant] when, as he offers and professes that he is able to prove, that it is invalid and void, we think he is aggrieved." 16 Pick. 264, 265–266. The difference in the treatment afforded an attaching creditor and a creditor who has not made an attachment is due to the vested interest of the attaching creditor in the property of the estate. "The grounds of this rule are, that a party cannot be said to be aggrieved by a decree or adjudication,

because he has some uncertain, possible or contingent interest, which may be affected by it; but otherwise, if he has some vested right or pecuniary interest to be divested." *Merriam* v. *Sewall*, 8 Gray, 316, 320.

We think there is good reason to preserve this long-standing rule. A balance must be struck between the rights of bona fide creditors and the need to protect estates under administration from false claims and dilatory tactics. The present rule strikes such a balance. Under our laws, an excessive or unreasonable attachment may be reduced or discharged upon a summary hearing. G. L. c. 223, § 114. This remedial provision has been construed broadly to provide relief from abusive attachments. *Shea* v. *Peters*, 230 Mass. 197. One not a party to the original action, but whose property has been attached, may avail himself of this protection. *Shea* v. *Peters, supra*. *Long* v. *George*, 290 Mass. 316. Further, an attachment may be dissolved by the posting of a bond, G. L. c. 223, § 120, and on a favorable disposition of the claim, the costs of the bond, or of the summary discharge proceedings, may be recovered. G. L. c. 223, § 122. This gives some assurance that a purely frivolous or dilatory claim, where attachment is made as a form of harassment, may be swiftly dealt with. Permitting only an attaching creditor of an heir to contest a will thus protects an estate and the parties interested in it from the least warranted claims, while affording genuine creditors the opportunity to be heard.

Our attention has been called to a contrary rule prevailing in some other jurisdictions. See, e.g., *Lockard* v. *Stephenson*, 120 Ala. 641; *Lee* v. *Keech*, 151 Md. 34. However, it is difficult to extrapolate from these cases the framework within which such a rule operates. Our rule has apparently operated effectively for over a century and we see no reason to change it.

*Decree reversed.*