Ru ma, J.
This is an action in contract in which the plaintiff seeks to recover the balance due and interest on a promissory note executed by the defendants. Count II of the plaintiffs complaint is for money had and received.
The matter is before the Appellate Division on the basis of two Dist./Mun.Cts. R. Civ. P., Rule 64 reports. The first report, signed by the trial justice, was sought by the defendants as appellants. The report indicates that the plaintiffs husband worked with defendant Edward Ellis who was the president of a corporation known as “Elco” which engaged in the business of selling, servicing and repairing heating and air conditioning equipment. From January to April, 1982, Edward Ellis obtained a total of $7,264.00 in loans from the plaintiff. Although intended to cover Elco business expenses, the money was expressly provided by the plaintiff as personal loans to Edward Ellis and his son, defendant Danny Ellis, which were understood by all parties to constitute the defendants’ individual and personal obligations. A written memorandum of a $5,000.00 loan made by the plaintiff to Edward and Danny Ellis was signed by both defendants in February, 1982. This note was amended by the plaintiff with the permission of Edward Ellis only in June, 1982 to include three additional loans made to the defendant totaling $2,264.00.
Judgment was entered for the plaintiff against defendant Edward Ellis in the sum of $7,264.00 and against defendant Danny Ellis in the amount of $5,000.00, plus interest, costs and attorneys’fees as provided in the promissory note. The defendants now claim to be aggrieved by the trial court’s denial of several of their requests for rulings of law.
The second report before this Division is an appeal initiated by one Laura L. Ellis as prospective intervenor. The report states that Laura Ellis, the wife of defendant Edward Ellis, holds title with her husband as tenants by the entirety to their principal residence at 372 Old Post Road, Sharon, Massachusetts. On August 24,1984, the plaintiff in the principal action, Ellen B. Little, secured a *2 real estate attachment in the amount of $15,000.00 on the property in question. A motion to discharge said attachment filed by defendant Edward Ellis was denied in the Superior Court Department on January 26, 1987. Following transfer of this action to the Framingham Division of the District Court Department, Laura L. Ellis filed a “Motion to Intervene and For Order Dissolving Attachment” pursuant to G.L. c.209, Sec. 1. In asupporting affidavit, Laura Ellis stated that she occupied the Sharon premises as her principal residence and that the money allegedly owed to the plaintiff by the defendants did not constitute a debt incurred for necessaries furnished to her or her family.
The motion for attachment dissolution was denied on March 25,1987. The report sub judice was thereafter timely filed ten days after judgment.
1. The defendants have effectively forfeited any right to a consideration of their appeal by failing to advance written argument in support of their contentions.
Buie 64(f) of the Dist./Mun. Cts. R. Civ. F. requires the filing of written briefs within fifteen days after notice of report establishment. No brief was filed by the defendants within the time prescribed, and no motion for additional time was ever submitted by the defendants. In the absence of the requisite briefs, the defendants’ request for permission on the day of hearing to present oral argument was denied. Rule 64(f) states: “[n]o oral argument will be heard in behalf of a party for whom briefs have not been filed.. .. The Appellate Division need not pass upon questions or issues not argued in briefs.”
Accordingly, the defendants’ appeal is dismissed for lack of prosecution. Fortier v. Coady Corp., 1984 Mass. App. Div. 266, 267; Weinstein v. Steigman, 1983 Mass. App. Div. 288, 290 and cases cited; Hill v. Motor Club of America Ins. Co., Mass. App. Div. Adv. Sh. (1978) 646.
2. The initial question posed by the second report of the denial of Laura L. Ellis’ “Motion to Intervene and For Order Dissolving Attachment” is Ellis’ standing to intervene in the principal action. We hold that although Ellis was not entitled to intervene pursuant to Dist./Mun. Cts. R. Civ. P., Rule 24(a), she was statutorily authorized to seek dissolution of plaintiff Little’s attachment of her property.
Intervention generally signifies:
the act by which a third party demands to be received as a party in a suit pending between other persons. The intervention is made for the pu rpose of being joined to the plaintiff, and to claim the same thing he does, or some other thing connected with it; or to join the defendant, and with him to oppose the claim of the plaintiff, which it is his interest to defeat. ... A stranger to a proceeding can have no interest, in a legal sense, in the claim asserted in a personal action unless he is a necessary party, in order adequately to enforce or to contest such claim.
Check v. Kaplan, 280 Mass. 170, 178 (1932). No evidence was advanced by Lau ra L. Ellis to demonstrate any connection to the contract action institu ted by Ellen Little against Edward and Danny Ellis which would practically or statutorily require her participation as a party in the litigation. Rule 24(a) of the Dist./Mun. Cts. R. Civ. P. which governs intervention provides:
(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the Commonwealth confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or *3 transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest adequately represented by existing parties.
The subject “property or transaction” of the principal case was the $7,264.00 loaned by plaintiff Little to defendants. Edward and Danny Ellis. Laura Ellis was not a signatory of the promissory note at issue in the case, nor was she in any way liable for the debts incu rred by her husband and son. The sine qu a non of intervention is a substantial interest in the subject matter of the litigation. See generally, Haverhill v. DiBurro, 337 Mass. 230, 235 (1958); McDonnell v. Quirk, 22 Mass. App. Ct. 126, 132 (1986); Mayflower Development Corp. v. Dennis, 11 Mass. App. Ct. 630, 635-637 (1981). Further, Ellis has cited no Massachusetts statute affording her an unconditional right to intervene as a party. See. e.g., G. L. c. 249, Sec. 5. Although G. L. c. 209, Sec. 1 protects a nondebtor spouse’s interest in a principal residence from seizu re or execution by a creditor of the debtor spouse, the statute does not create any right to intervene in an action unrelated to such property.
The unavailability of intervention as a procedural avenue did not, however, render Laura Ellis powerless to protect her interest in the Sharon property held by her and Edward Ellis as tenants by the entirety. Section 114 of G. L. c. 223 unequivocally provides:
If an excessive or unreasonable attachment, by trustee process or otherwise, is made, the defendant or person whose property has been attached may submit a written motion, in any county, to ajustice of the court to which such process is returnable, for a reduction of the amount of the attachment or for its discharge [emphasis supplied].
See, generally, Marcus v. Pearce Woolen Mills, Inc., 353 Mass. 483, 386 (1968). On the basis of Section 114, Laura Ellis was clearly authorized to submit a motion for dissolution of the plaintiffs real estate attachment herein. No other question of her standing to have proceeded in the trial court must be considered; and the court’s decision to entertain Ellis’ motion wás proper.
3. Lau ra L. Ellis’ motion for dissolution is predicated on the grou nd that G. L. c. 209, Sec. 1 prohibits the attachment of property held as tenants by the entirety which constitutes the principal residence of the nondebtor spouse.
The statute provides, in pertinent part:
The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse... . [emphasis supplied].
The dispositive issue arising from the court’s denial of Ellis’ motion for dissolution is whether an attachment constititues a “seizure or execution” within the purview of G. L. c. 209, Sec. I.[2]
It is obvious that an attachment does not constitute an “execution.” The term “seizure” is generally defined as “the act of taking possession of property.... The act performed by an officer of the law ... in taking into the custody of the law the property, real or personal, of a person against whom the judgment of a competent court has passed ... in order that-such property may be sold ... to satisfy the judgment.” BLACK’S LAW DICTIONARY,Fifth *4 Edition. An “attachment” customarily designates the creation of a “specific charge upon the property, for the security of a debt sued for, and the property is set apart and placed in thecustody of the law,forthat purpose. . . .’’ Kahler v. Marshfield, 347 Mass. 514, 516 (1964). Such reservation of the property in the creditor’s favor does not rise to the level of a seizure of taking, for an attachment is merely a lien on property which must be perfected after judgment by a levy or seizure on execution. Marcus v. Pearce Woolen Mills, Inc., at 485. An attachment authorizes or serves as a prerequisite to the seizure of property in satisfaction of ajudgment.[3] Lipsett v. Walmsley, 289 Mass. 43, 47 (1935). Pursuant to G. L. c. 223, § 59, an attachment expires thirty days after final judgment if the subject property is not seized or taken on execution. See Horn v. Hitchcock, 332 Mass. 643, 644-645 (1955); Hardy v. Safford, 132 Mass. 332, 334 (1881). An attachment is thus not aseizure. It is merely alien or hold on property which must be perfected by a levy before a seizure can be said to have occurred.
It is undeniable that an attachment, by definition and design, impairs a range of property interests otherwise enjoyed by the titleholder. These interests include the ability not only to sell or alienate property with clear title, but also to obtain financing on the property Debral Realty, Inc. v. DiChiara, 383 Mass. 559, 564-565 (1981). What an attachment does not affect, however, is the titleholder’s possessory interest in or enjoyment of the real estate. As G.L. c. 209, § 1 is expressly restricted in scope to the “principal resident of the nondebtor spouse,” the protection afforded by the statute may be reasonably construed as limited to the nondebtor spouse’s possessory interest in the property held as tenants by the entirety. As an attachment would not affect such possessory interest, we conclude that an attachment of a debtor spouse’s interest in property held as tenants by the entirety and serving as the principal residence of the nondebtor spouse does not constitute a seizure of such property interest in violation of G. L. c. 209, Sec. I.[4]
Accordingly, Laura L. Ellis’ motion to dissolve the plaintiffs attachment was properly denied.
4. Reports dismissed.

 No question of the applicability of the statute to the property in question is operative in this case. Section 1 of G. L. c. 209 covers all tenancies by the entirety created after February 11,1980. Turner v. Greenaway, 391 Mass. 1002, 1003 (1984). Laura L. Ellis and her husband took title to the Sharon realty in 1983.

 Compare, for levy on execution without prior attachment, G. L. c. 236, § 20.

 The plaintiff necessarily concedes that her attachment of Edward Eiiis’ interest in the home of Edward and Laura Ellis presently constitutes no more than a potential, future basis for satisfaction of the judgment entered by the trial court. In the event Laura Ellis predeceases her husband or the couple divorces, G. L. c.209, Sec. 1 would pose no bar to the perfection of the plaintiffs attachment by a levy on property which would not then be held as tenants by the entirety. Unless and until the occurrence of one of these contingencies, anyseizure of the property in question is clearly precluded by the statute.