VIRGINIA M. FROST *vs.* JOHN F. ZULLO. March 12, 1987. *Practice, Civil,* Standing.

The plaintiff, Virginia M. Frost, obtained a divorce from the defendant, John F. Zullo, in 1978. Custody of their child was given to her, and he agreed to make child support payments weekly. The defendant remarried in 1979. The defendant and his second wife purchased a house in Framingham as tenants by the entirety in 1982. They maintain that home as their family residence.

The defendant often failed to make timely support payments. After the plaintiff filed her fourth complaint for contempt alleging arrears, the defendant failed to appear, and a capias issued. On February 13, 1985, the plaintiff averred that the defendant owns real estate in New Hampshire and that he sought to put his assets beyond the reach of the courts of the Commonwealth. A judge entered an ex parte attachment in the amount of $10,000 on the defendant's Framingham home. Later, in response to cross motions, the reporting judge dissolved the attachment and issued an order restraining the defendant from encumbering or otherwise disposing of his interest in the Framingham house. The defendant appeals from this order, arguing that G. L. c. 209, § 1 (1984 ed.), protects him from such action by a court.[1] The court also reported two questions pursuant to G. L. c. 215, § 13 (1984 ed.), to the Appeals Court. Cf. Mass. R. Dom. Rel. P. 64. We took this case on our own motion. We hold that the defendant lacks standing to claim the protections afforded by c. 209, § 1.

"A party has standing when [he] can allege an injury within the area of concern of the statute or regulatory scheme under which the injurious action has occurred." *Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins.,* 373 Mass. 290, 293 (1977), and cases cited. The defendant admits that the relevant purpose of c. 209, § 1, is to protect the interests of a nondebtor spouse concerning property held as a tenancy by the

---

[1] The second paragraph of G. L. c. 209, § 1, inserted by St. 1979, c. 727, provides: "The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family."

entirety. Even if we were to decide that arrearages in support payments give rise to a creditor-debtor relationship within the meaning of c. 209, § 1 (a question we do not reach), the defendant would come into the contemplation of c. 209, § 1, only as a debtor spouse — whose interests are not a subject of the statute's concern.

Because the defendant lacks standing to urge that c. 209, § 1, protects him in these circumstances, we dismiss the appeal and discharge the report.[2]

*So ordered.*

*Robert N. Spector* for the defendant.

---

[2] The judge reported these questions relevant to the validity of the earlier attachment on the subject property:

"1. Do court orders to pay alimony, alimony and child support, or child support alone come within the debtor-creditor status contemplated under General Laws Chapter 209 Section 1 which insulates husband's interest in real estate held as tenants by the entirety with his non-debtor spouse?

"2. Is attachment by former spouse against husband's equity in a marital home held by husband and second wife a 'seizure' under Mass. General Laws Chapter 209 Section 1?"

The attachment has been dissolved. The plaintiff has filed no brief, and the defendant's brief cites no relevant authority other than the statute itself. The report asks us in effect to render an advisory opinion. This we decline to do. See *Kay* v. *Audet,* 306 Mass. 337, 338 (1940). See also *Dorfman* v. *Allen,* 386 Mass. 136, 138 (1982).