JACK PEEBLES *vs*. IRIS MINNIS & another.[1]

Middlesex.    March 9, 1988. — May 3, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Attachment. Husband and Wife,* Residence, Tenancy by the entirety. *Real Property,* Attachment, Tenancy by the entirety.

Creditors of one spouse were entitled to attach property held in tenancy by the entirety while it remained the principal residence of the other, nondebtor spouse in order to protect their interest in the property against the debtor spouse's other creditors, even though the property was presently protected by G. L. c. 209, § 1, from "seizure or execution." [283]

CIVIL ACTION commenced in the Superior Court Department on September 9, 1986.

The case was heard by *Richard S. Kelley*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Edward Rabinovitz* for the plaintiff.

*Michael Frederickson* (*Richard L. Alfred* with him) for the defendants.

HENNESSEY, C.J. The plaintiff, Jack Peebles, appeals from the dismissal in the Superior Court of his complaint for declaratory and injunctive relief, by which he sought removal of the defendants' attachment on property he owns with his wife, Maureen, as tenants by the entirety. The sole issue presented on appeal is whether the individual creditors of one spouse may attach property held in tenancy by the entirety while it remains the principal residence of the other, nondebtor spouse. Because we conclude that such property may be attached, we affirm.

---

[1] Alfred Minnis, her husband.

The defendants have commenced a tort action against Maureen for damages suffered in a motor vehicle accident. As security for any judgment they may be awarded, they have attached the Peebleses' marital residence. The plaintiff contends that G. L. c. 209, § 1 (1986 ed.), prohibits the attachment so long as the property remains his principal residence.

With certain exceptions not relevant in this case, "[a]ll real and personal property liable to be taken on execution" is subject to attachment. G. L. c. 223, § 42 (1986 ed.). The plaintiff argues that the property in question is not "liable to be taken on execution," because G. L. c. 209, § 1, provides that "[t]he interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse." It is undisputed that the plaintiff owes no debt to the defendants, and that the property attached is his principal residence.

By its terms, G. L. c. 209, § 1, protects a nondebtor spouse's principal residence from "seizure or execution." It does not exempt such property from attachment. It would be an unwarranted extension of the protections afforded by the statute to construe it as also prohibiting attachment of the debtor-spouse's interest in such property. The purpose of the protections afforded is to safeguard the nondebtor-spouse's right to continued possession of his principal residence. This right is unaffected by a creditor's attaching the debtor-spouse's interest in the property. The attachment is simply a security device which protects the creditor's interest in the property as against the debtor's other creditors. See *Marcus* v. *Pearce Woolen Mills, Inc.*, 353 Mass. 483, 485-486 (1968). The defendants are entitled to the attachment to establish, among other things, the priority of their security interest in the Peebleses' residence as against the claims of other creditors. This interest may be a subject of execution at some future time if, for example, the nondebtor spouse predeceases the debtor spouse, or the parties are divorced. These possibilities are sufficient to support attachment.

*Judgment affirmed.*