**In re Deborah B. McCONCHIE, f/k/a Deborah Lynn Bailey, Debtor.**

**Bankruptcy No. 88–11191–HL.**

United States Bankruptcy Court, D. Massachusetts.

Dec. 14, 1988.

---

Harold B. Murphy, Hanify & King, Boston, Mass., for debtor.

Mark N. Polebaum, A. Davis Whitesell, Hale and Dorr, Boston, Mass., for bank.

## MEMORANDUM ON OBJECTION TO EXEMPTION

HAROLD LAVIEN, Bankruptcy Judge.

The matter under consideration is a creditor's, First National Bank of Boston, objection to the debtor's claimed exemption under 11 U.S.C. § 522. The creditor is cheered on by the trustee who is content to have the creditor take the laboring oar in what otherwise may be a no asset Chapter 7. The debtor, Deborah B. McConchie, seeks to claim her interest in a post–1980 tenancy-by-the-entirety as totally exempt under 11 U.S.C. § 522(b)(2)(B).[1]

A tenancy-by-the-entirety is a unique form of property ownership which is available only to married couples. Its roots lie in the common law, wherein the wife's legal existence was merged into that of the husband. *Bernatavicius v. Bernatavicius*, 259 Mass. 486, 156 N.E. 685 (1927). Thus, only the husband was seized of the whole property for his lifetime, subject to his wife's right of survivorship. Statutory changes have been made in some states to the common law tenancy-by-the-entirety to form statutory tenancy by the entireties that equalize the relationship between the husband and the wife.

Massachusetts has both types of tenancies-by-the-entireties. All tenancies-by-the-entirety created before February 11, 1980 are controlled by the common law. *West v. First Agricultural Bank*, 382 Mass. 534, 419 N.E.2d 262 (1981); *Turner v. Greenway*, 391 Mass. 1002, 459 N.E.2d 821 (1984). The common law tenancy-by-the-entirety granted the wife only a survivorship interest which could not be attached by creditors. *Licker v. Gluskin*, 265 Mass. 403, 164 N.E. 613 (1929); *West* 382 Mass. at 536, n. 4, 419 N.E.2d at 264 n. 4. The husband was granted superior rights including a right to possession, profits, and survivorship. *Id.* Counter-balancing that advantage was the fact that the husband's creditors could seize the husband's possessory interest and, therefore, the house, and dispossess the wife subject to the possibility of the wife surviving the husband and becoming seized of the whole, *Licker v. Gluskin*, 265 Mass. 403, 164 N.E. 613, *citing Raptes v. Pappas*, 259 Mass. 37, 39, 155 N.E. 787, 788 (1927). The couple jointly could convey the property free of any

---

**1.** (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

survivorship interest. *Bernatavicious,* 259 Mass. at 490, 156 N.E. at 687.

The State of Massachusetts introduced a statutory tenancy-by-the-entirety which applies to all tenancies-by-the-entireties created after February 11, 1980. Mass.Gen. Laws ch. 209 § 1. The statutory tenancy-by-the-entirety grants both the husband and the wife equal rights to possession, profits, and survivorship of the principal residence of the couple. Also, the property is free from levy and execution from the creditor of one spouse if the debts are not joint or for necessaries.[2] However, the legislation was silent on whether creditors could attach the property. The Supreme Judicial Court ruled that a creditor of one spouse can obtain an attachment on a statutory tenancy-by-the-entirety, *Peebles v. Minnis,* 402 Mass. 282, 521 N.E.2d 1372 (1988).

On July 1, 1988, Deborah B. McConchie filed for bankruptcy, seeking to exempt her interest in a statutory tenancy-by-the-entirety. It is undisputed that there are no joint debts or debts for necessaries, the husband is not a debtor, and the property serves as his principal residence. The objection is that based on the *Peebles* case, the tenancy-by-the-entirety under state law is not exempt from process and is, therefore, not totally exempt under 11 U.S.C. § 522(b)(2). Both sides have fully briefed the issue. The Boston Bar Association and Massachusetts Bar Association were given an opportunity to submit briefs and declined to do so.

Only a few years ago, the bankruptcy court could not have heard this matter. Prior to the 1978 Code, property claimed as exempt did not come into the bankruptcy estate and disputes had to be settled elsewhere. *Lockwood v. Exchange Bank,* 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903).

Both counsel agree with the enactment of the Bankruptcy Code that a tenancy-by-the-entirety, like any other alleged exempt property, is now initially property of the estate. 11 U.S.C. § 541; *In re Grosslight,* 757 F.2d 773 (6th Cir.1985); *Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057 (4th Cir.1983); *Napotnick v. Equibank and Parkvale Savings Association,* 679 F.2d 316 (3rd Cir.1982). Of course, if the claimed exemption is proper, the property is then set-off and returned to the debtor.

■ The issue then is, whether a *Peebles* authorized attachment of a statutory tenancy-by-the-entirety while the property was the principal residence of the non-debtor spouse determined "that such interest as a tenant-by-the-entirety ... is (not) exempt from process under applicable non-bankruptcy law," in the absence of any joint debts or debts for necessaries. 11 U.S.C. § 522(b)(2)(B).

The debtor argues that "process" must be read to require both attachment and the ultimate execution and levy and anything less does not affect the exemption. The debtor supports its position by reference to the tenancy-by-the-entireties statute. She states that the three conditions of the statute are met; that is, (1) no joint debt; (2) no debts for necessaries; and, (3) the property is the principal residence of the non-debtor spouse. But, that answer is non-responsive and really begs the questions because the statute conspicuously only relieves the estate from seizure on execution, as the Supreme Judicial Court points out. It allows for an attachment which is consistent with the legislative goals of not disturbing the right to possession of the family home while allowing creditors to establish and preserve a potential priority

---

**2.** c. 209 § 1. The real and personal property of any person shall, upon marriage, remain the separate property of such person, and a married person may receive, receipt for, hold, manage and dispose of property, real and personal, in the same manner as if such person were sole. A husband and wife shall be equally entitled to rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety.

The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family.

position. *Peebles*, 402 Mass. at 283, 521 N.E.2d at 1372–73.

Mass. G.L. c. 209 § 1 is, at best, a limited or conditional exemption statute. The legislators could have written the statutory tenancy-by-the-entirety to not allow attachments as they have done in many other cases. The legislature is presumed to have known that the previous common law tenancy-by-the-entirety exempted the wife's interest from attachment whether or not the wife was the debtor. *Licker v. Gluskin*, 265 Mass. 403, 164 N.E. 613 (1929). Compare, for example, the Massachusetts Homestead Exemption, M.G.L. c. 188 § 1, which expressly exempts the estate from attachment as well as seizure and execution. Virtually all property generally considered to be "exempt" under Massachusetts law is, by statute, exempt both from attachment and execution. *See, e.g.*, M.G.L. c. 79, § 6A (moving expenses for displacement by eminent domain); M.G.L. c. 108A, § 25 (partner's interest in specific partnership property); M.G.L. c. 151A, § 36 (unemployment compensation); M.G.L. c. 152, § 47 (worker's compensation). The debtor's tangible personal property exempted under M.G.L. c. 235, § 34, is, by virtue of that statute, merely exempt from seizure on execution; however, M.G.L. c. 223, § 42 provides that such personal property is also exempt from attachment. Thus, when Massachusetts law seeks to create full exempt property, it does so by exempting such property from both attachments and execution.

The debtor argues that as a matter of law, the term "process" is a more inclusive than a bare attachment and cites *J. Nolan*, 9 Mass. Practice Series, Civil Practice § 171, at 208–209 (Supp.1987). However, this authority does not support the debtor's contention. The treatise refers to two types of process—original process, which is attachment, the matter at hand and final process, which is execution. In addition, Black's Law Dictionary defines "process" as "any means used by a court to acquire or exercise its jurisdiction over a person or over specific property." *Black's Law Dictionary*, 1084 (rev. 5th ed. 1979). Massachusetts courts have adopted this definition, and have construed "process" as including attachment. *See Jones v. Brockton Public Markets, Inc.*, 369 Mass. 387, 389–90, 340 N.E.2d 484, 485 (1975); *Chemawa Country Golf, Inc. v. Wnuk*, 9 Mass.App. 506, 508, 402 N.E.2d 1069, 1071 (1980) (in abuse of process context, " 'process' refers to the papers issued by a court to bring a party or property within its jurisdiction, e.g., *a writ of attachment....*") (emphasis added).

Massachusetts statutes creating exemptions make clear that process" encompasses attachment. *See, e.g.*, M.G.L. c. 175, § 119A (insurance proceeds not liable to "any judicial processes to levy upon or attach the same for payment...."); M.G.L. c. 175F, § 15 ("No money or other asset ... shall be liable to attachment, trustee process, equitable lien or other process...."); M.G.L. c. 176, § 22 ("No money ... shall be liable to attachment or other process").

Oddly, the debtor seeks solace in the resolution of a similar problem in Rhode Island. Then district court Judge Selya settled the Rhode Island law in *In re Furkes*, 65 B.R. 232 (D.R.I.1986). Debtor's counsel misconstrues the outcome. The Rhode Island statute permitted attachments but not levy or execution on entireties property. The bankruptcy court, based on an earlier opinion in *In re Gibbons*, 52 B.R. 861 (Bankr.D.R.I.1985) found that since the property was subject to process because of the attachment, it lost the entire exemption. Judge Selya reversed on the all or nothing aspect.

The "to the extent that" clause cannot be seen as some sort of legislative slip of the pen. That language appears to contemplate the very kind of state law scheme which obtains in Rhode Island— namely, one where property interests (here, tenancies by the entirety) are subject to some, though not all, kinds of "process." It seems reasonable to conclude that, had Congress intended "exempt[ion] from process" to be an all-or-nothing proposition, it would have drafted the statutory language more infrangibly—as it notably did with other exemp-

tions, say, those limned by 11 U.S.C. § 522(b)(1).

*In re Furkes*, 65 B.R. 232, at 235 (1986).

The court then went on to allow the exemption subject to the attachment and such benefit as it might have on the debtor surviving the non-debtor spouse, divorce, or sale of the property.

The debtor argues that if the trustee could obtain an attachment, it would only last 30 days. Massachusetts law dissolves any attachments that are not levied upon within 30 days of judgment. M.G.L. c. 223 § 59; *McGrath v. Worcester County National Bank*, 3 Mass.App. 599, 603, 338 N.E.2d 361, 364 (1975). The law is correctly explained but is irrelevant. The 30 days does not begin to run until there has been a judgment and execution which, by definition, in this case is postponed until the tenancy-by-the-entirety is terminated. Furthermore, the Rhode Island Supreme Court ruled that as a matter of necessity, any time limitations on attachments is not applicable to attachments on tenancies-by-the-entireties until the attachment becomes enforceable. *In re Gibbons*, 459 A.2d 938 (R.I.1983). Likewise, to do otherwise in Massachusetts would make the right of attachment meaningless.

Finally, the debtor argues that to allow the trustee some interest in the property either through the hypothetical status of a judicial lien creditor or, simply, the right of expectancy on the termination of tenancy-by-the-entirety would cause an unacceptable uncertainty. That, of course, is no different than many of the interests that requires a trustee to determine questions of value to the estate and abandon when of no value. They need not ever delay administration of the estate which can be closed and reopened when and if the attached interest develops into an asset available for distribution. Since the trustee represents all of the unsecured creditors on whose behalf his attachable interest would be made, the amount of the attachment would be the equivalent of the total unsecured debt. Its value, as a practical matter, would be determined by the marketplace and be a function of all the variables in-

volved in any conditional expectancy. The debtor argues that, despite its interest, the trustee's status cannot be assigned to the creditor and points to the cases, such as *In re Sweetwater*, 55 B.R. 724 (D.Utah 1985); *In re Sapolin Paints, Inc.*, 11 B.R. 930 (Bankr.E.D.N.Y.1981). But, even if the trustee cannot sell his position, a matter the Court need not now decide, that is but one more factor in any determination of valuation of the exemption and the estate's interest.

Because the trustee's powers as an attaching creditor are conferred by statute and not by virtue of a judicial lien, 11 U.S.C. § 522(f) cannot be applied to avoid the trustee's § 544(a)(1) status. Even assuming that an attachment arising under or granted in favor of the trustee pursuant to § 544(a)(1) were deemed to be a "judicial lien" within the scope of § 522(f)(1), the debtor could avoid such a lien only to the extent that such a lien impaired an exemption to which the debtor would be entitled under § 522(b). Because the debtor cannot exempt any of the value of the property from an attachment, the attachment of the interest under § 544(a)(1) does not impair any exemption to which the debtor is entitled and cannot be avoided by application of § 522(f).

■ Section 522(b)(2) of the Bankruptcy Code, by incorporating state law on exemptions into the Bankruptcy Code, confers on individual debtors the same rights to exempt property from creditors' claims in bankruptcy as exist under applicable state law. Section 522(b)(2) should not be construed so as to afford debtors greater rights *vis a vis* creditors in bankruptcy than they are entitled to outside of bankruptcy.

The purpose behind virtually all state law exemptions, and behind their incorporation into the Bankruptcy Code, is to provide debtors with an economic safe harbor from their creditors. The purpose of M.G.L. c. 209, § 1, under which the debtor claims her exemption of the interest, is not to provide such an economic safe harbor, but to "safeguard the non-debtor spouse's right to continued possession of the princi-

pal residence." *Peebles v. Minnis*, 402 Mass. 282, 283, 521 N.E.2d 1372, 1373.

This is accomplished and is compatible with at least a potential recovery for creditors, by giving 11 U.S.C. § 522(b)(2)(B) a rational reading which is not overly literal nor, yet ignores the plain meaning of the words used by the legislature and, presumably, reflect the legislative intent. The debtor's interest in her tenancy-by-the-entirety is subject to attachment but not subject to levy or execution at this time and, so, the debtor's right to possession cannot be interfered with unless and until the property is sold, or debtor and her present spouse are divorced, or she survives her spouse, in which event the trustee will be free to enforce his interest in the debtor's real estate. The trustee has a real albeit contingent interest in the real estate, while the debtor has an exemption limited by the trustee's expectancy.

Dated and entered at Boston, in said District, on the 14th day of December, 1988.