**In re Stephen J. DIGAUDIO, Debtor.**

**Bankruptcy No. 91–40046–JFQ.**

United States Bankruptcy Court,
D. Mass.

June 3, 1991.

Lanny M. Zuckerman, Pittsfield, Mass., for debtor.

Joseph Szabo, Boston, Mass., Trustee.

OPINION

JAMES F. QUEENAN, Jr., Chief Judge.

Joseph Szabo, the chapter 13 trustee, objects to confirmation of the Debtor's chapter 13 plan on the ground that the plan's ten percent dividend provides value to creditors which is less than what they would receive in liquidation under chapter 7, in violation of 11 U.S.C. § 1325(a)(4). The dispute centers upon the effect of the Debtor's claim to an exemption under 11 U.S.C. § 522(b)(2)(B) which permits a debtor to exempt from property of the estate "any interest in property in which the debtor had ... an interest as a tenant by the entirety or joint tenant to the extent that such interest ... is exempt from process under applicable nonbankruptcy law."

The Debtor owns with his wife as tenant by the entirety residential property which he lists in his schedules as having an equity for both spouses of $38,000 over the mortgages. The Debtor and his wife acquired the home after the effective date of Mass. Gen.L. ch. 209, § 1 which gives husband and wife equal rights to possession and income with respect to property held by them as tenants by the entirety. The statute also provides the following protection against creditors:

> The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family.

None of the debts here is for "necessaries"; all were incurred in the operation of the Debtor's business. The Debtor's one-half equity interest in the home, which he values at $19,000, is thus protected under the statute from "seizure or execution". Therefore, says the Debtor, the home is exempt property in this bankruptcy proceeding pursuant to his election under § 522(b)(2), so that it is not to be con-

sidered in applying the "best interest of creditors" test under § 1325(a)(4).

The Supreme Judicial Court of Massachusetts has construed the statute to permit attachment despite its prohibition against "seizure" or "execution", reasoning that the legislature intended only to protect the non-debtor spouse's right to continued possession but to permit the security device of an attachment. *Peebles v. Minnis,* 402 Mass. 282, 521 N.E.2d 1372 (1988). Although there is no attaching creditor here claiming a lien (*Compare In re Furkes,* 65 B.R. 232 (D.R.I.1986)), under § 544(a)(1) a trustee in bankruptcy has the "rights and powers" of a hypothetical creditor holding a "judicial lien", in addition to the rights and powers of a hypothetical creditor with an execution against the debtor returned unsatisfied.[1] An attachment is certainly a judicial lien. It is clear, moreover, that the trustee's "rights and powers" extend beyond the ability to avoid unperfected security transfers made by a debtor. Other language in § 544(a) ("or may avoid any transfer of property of the debtor") expressly confers that ability. The "rights and powers" grant, which was also contained in the prior Act, has permitted the trustee to assert lien creditor rights in ostensible ownership cases involving no transfer. *E.g., In re Waynesboro Motor Co.,* 60 F.2d 668 (S.D.Miss.1932). *See also, In re Mill Concepts Corp.,* 123 B.R. 938, 943 (Bankr.D.Mass.1991). There is no reason that the trustee should be unable to assert these same hypothetical rights and powers against the Debtor's claim to an exemption. Although § 522(f) permits a debtor to avoid a judicial lien which "impairs an exemption", the exemption claimed here is that of a property interest which is subject to the attachment lien assertable by the trustee.

A chapter 7 trustee will therefore have the superior rights of a hypothetical attaching creditor for the benefit of the estate. It follows that the attachment lien is available to the trustee as security for payment of all claims against the estate. The trustee's hypothetical attachment lien ripens into a hypothetical judgment lien at that time when the Debtor's spouse terminates her residence in the property or terminates her interest as a tenant by the entirety by reason of death or divorce. I therefore agree with the conclusions of my deceased colleague, Judge Harold Lavien, who denied a claimed exemption under § 522(b)(2)(B) because of the attachment lien rights of the trustee. *See In re McConchie,* 94 B.R. 245, 249 (Bankr.D. Mass.1988). I do not, however, rely upon the early portion of that decision which might be construed as denying the exemption on the ground that the partial protection afforded by the Massachusetts statute falls entirely outside the exemption allowed by § 552(b)(2)(B). Section 552(b)(2)(B) grants the exemption "to the extent" the property interest is exempt from process. Although in using this phrase Congress may well have had in mind any dollar limitations contained in state exemption laws, the provision is equally apt as a description of an exemption from some judicial process but not from others.

The parties appear to be in agreement that failure of the claimed exemption requires denial of confirmation by reason of

---

1. Section 544(a) provides:

    (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

    (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

    (2) a creditor that extends credit to the debtor at the time of the commencement of the case, an obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

    (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

the plan's inability to pass muster under the "best interest of creditors" test. A separate order to this effect has issued.

## ORDER

Upon an objection by Joseph Szabo, the chapter 13 trustee, (the "Trustee") that the Debtor's proposed plan violates the "best interest of creditors" test under § 1325(a)(4) due to the failure of the Debtor's claim for an exemption under § 522(b)(2)(B) as the result of the Trustee's avoiding powers under § 544(a)(1), the court having issued a separate opinion thereon, it is hereby

ORDERED AND ADJUDGED, that the Trustee's right to assert a judicial lien is superior to the Debtor's § 522(b)(2) election.

FURTHER ORDERED, that denial of the claimed exemption requires denial of confirmation of the Debtor's plan because the plan fails the "best interest of creditors" test under § 1325(a)(4).