Forte, J.
This is an action to recover for nursing home room, board, medical care and related services furnished by the plaintiff to defendant Elizabeth Donovan and to her late husband, Franklin Donovan. Pursuant to Dist./ Mun. Cts. R. Civ. E, Rule 64(d), the court reported its interlocutory ruling denying the defendant's motion to dismiss.
The record indicates that on November 10, 1992, the plaintiff filed its original complaint to recover payment for residential nursing home services provided to the defendant for a period of time prior to her qualification for Medicaid benefits. On the same date, the court allowed the plaintiff’s motions for trustee process[3] and for a $20,000.00 attachment on realty in which the defendant held a life estate.[4] The property had been held by the defendant and her husband as tenants by the entirety, and had been conveyed by them with a reservation of life estates on December 28, 1989. The defendant’s husband died on August 20, 1991,[5] and the defendant was thus the sole surviving life tenant when the real estate attachment was allowed.
On December 9,1993, the plaintiff filed an amended complaint which sought an additional recovery from the defendant for nursing home services provided to her husband for the two year period prior to his death. The plaintiff also filed a motion to increase its real estate attachment, which the court allowed in the amount of $30,000.00.
On December 30, 1993, the defendant filed a motion to dismiss the plaintiff’s amended complaint on the grounds that:
1. The Statute of Frauds, G.L.c. 259, §1, rendered unenforceable any claim against the defendant for payment for services furnished to her husband in the absence of a written promise or agreement signed by the defendant; and
2. Section 1 of G.L.c. 209, relied upon by the plaintiff, is limited to *124 actions involving property held by spouses as tenants by the entirety and was thus inapplicable to this action.[6]
There was no error in the denial of the defendant’s motion to dismiss the plaintiff’s amended complaint.
1. A Statute of Frauds defense may be raised by a Dist./Mun. Cts. R. Civ. R, Rule 12(b) (6) motion to dismiss only where it is clear on the face of the complaint that the plaintiff’s claim is predicated on an oral promise unenforceable under the Statute. Rozen v. Sverid, 4 Mass. App. Ct. 461, 463-464 (1976). The plaintiff’s complaint herein is not limited solely to a contractual claim against the defendant for nursing home services furnished to her late husband, but is also based on the defendant’s spousal liability for such necessaries which is imposed by statute. Section 1 of G.L.c. 209 unequivocally provides, in pertinent part:
The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family [emphasis supplied].
Given this statutory basis for the plaintiff’s claim against the defendant for services rendered to her husband, the defendant was not entitled to a dismissal of the plaintiff’s amended complaint simply because of the G.L.C. 259, §1 vulnerability of the alternative, contract basis of such claim.
2. We are unpersuaded by the defendant’s contention that G.L.c. 209, §1 cannot serve as the basis of the plaintiffs claim because such statute deals exclusively with the rights and interests of spouses in property held as tenants by the entirety and is thus inapplicable to this case. It is undeniable that Chapter 727 of the Acts of 1979 (effective February 11,1980) substantially revised G.L.c. 209, §1 “to alter the attributes of a tenancy by the entirety,” Carey’s Inc. v. Carey, 25 Mass. App. Ct. 290, 294 n.3 (1988), in order “to protect the interests of a nondebtor spouse,’[7] Frost v. Zullo, 399 Mass. 1005 (1987), and to “attempt to equalize the rights of men and women” in such property. Coraccio v. Lowell Five Cents Sav. Bank, 415 Mass. 145, 150 (1993).[8] It is equally undeniable, however, that the Legislature included in its revision of G.L.c. 209, §1 an express, unambiguous “proviso regarding liability of the spouses for necessaries.” West v. First Agricultural Bank, 382 Mass. 534, 550 (1981). Such “proviso” may be construed as imposing a statutory duty upon the defendant herein to render payment for the nursing home care furnished to her husband by the plaintiff. We reject as unreasonably restrictive the defendant’s *125 interpretation that the Legislature intended to impose liability for a spouse’s necessaries only upon those spouses who hold properly as tenants by the entirety, and to exempt all other spouses who hold property under other legal forms of ownership or who own no real property.[9]
The defendant further contends that any construction of G.L.C. 209, §1 as imposing a general obligation on both spouses to pay for necessaries furnished by third parties would impermissibly render the statute inconsistent with G.L.c. 209, §7, which was last amended in 1974 and which provides, in pertinent part:
But a married woman shall be liable jointly with her husband for debts due, to the amount of one hundred dollars in each case, for necessaries furnished with her knowledge or consent to herself or her family, if she has property to the amount of two thousand dollars or more.
It is unnecessary, however, for the purposes of reviewing the denial of the defendant’s motion to dismiss to endeavor to resolve definitively any issue of an inconsistency between these two sections of G.L.c. 209, or to consider the constitutional ramifications of Section 7 in the light of the 1976 amendment of Part 1, Article 1 of the Massachusetts Declaration of Rights or of G.L.c. 93, §102 enacted in 1989. There is an appropriate judicial disinclination to decide novel questions of substantive, much less constitutional, law upon Rule 12(b)(6) motions to dismiss. M. Aschheim Co. v. Turkanis, 17 Mass. App. Ct. 968 (1983). It is sufficient at this juncture to note that Sections 1 and 7 of G.L.c. 209 imposed liability upon the defendant herein for at least $100.00 of the cost of the nursing home services furnished by the plaintiff to her late husband. The possibility of even this limited recovery against the defendant is enough to enable the plaintiff to surmount the merely “minimal hurdle” presented by the defendant’s motion to dismiss. Gennari v. Revere, 23 Mass. App. Ct. 979 (1987).
Thus as the defendant failed to satisfy her burden, Epstein v. Liberty Bank & Trust Co., 12 Mass. App. Ct. 1000 (1981), of establishing that the plaintiff could prove no set of facts which would entitle it to any recovery on any legal theory or grounds, the defendant’s motion to dismiss was properly denied. See generally, Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 71 (1992); Bell v. Marza, 394 Mass. 176, 183 (1985).
There being no error, the report is dismissed.

Hhere is no entry on the docket for any filing of a trustee process motion. However, the docket indicates that a trustee’s answer of “No Funds” was filed on December 29,1992.

Alife estate maybe taken upon execution, G.L.c. 236, §14, and is thus subject to attachment. G.L.c. 223, §42.

No petition for the administration of the estate of the defendant’s late husband has ever been filed in any Probate and Family Court.

The defendant’s motion to dismiss was also based on the Dist./Mun. Cts. R. Civ. R, Rule 12(b)(5) ground of insufficient service. The defendant waived this ground, however, at oral argument before this Division. The remaining grounds of the defendant’s dismissal motion pertain only to those counts of the plaintiff’s amended complaint which seek recovery for services provided to the defendant’s husband.

The statute was revised to safeguard the non-debtor spouse’s continued possession of his or her principal residence by protecting such residence from “seizure or execution.” Peebles v. Minnis, 402 Mass. 282, 283 (1988). The statute does not, however, exempt such property from attachment. Id. at 283. See also, Little v. Ellis, 1988 Mass. App. Div. 1, 4.

The first paragraph of G.L.c. 209, §1 provides, in relevant part: “A husband and wife shall be equally entitled to the rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety.”

It may be noted that the defendant’s husband entered the plaintiff’s nursing home in August, 1989 at a time when the couple owned real estate as tenants by the entirety. The property was not conveyed by them and the tenancy not terminated until December, 1989. By the defendant’s own restricted analysis of G.L.c. 209, §1, she was liable for at least the first four months of care furnished to her husband by the plaintiff.