LoConto, P.J.
This matter came before the Western Appellate Division on the defendants/appellants’ (“Charter Oak”) appeal of the trial judge’s denial of their motion for summary judgment on Count I and the entry of judgment in favor of the plaintiff/appellee ("Marlyn”). The facts and issues necessary to an understanding of this appeal, as taken from the expedited appeal, are as follows. Charter Oak issued an insurance policy for the period in question that included a Business Owners Coverage Special Form that contained an “Employee Dishonesty” coverage provision. In July, 1995, Marlyn filed a proof of loss statement seeking $6,000.00, as a result of the dishonesty of its employee Don Hansen. It claimed that this loss occurred between September 1,1994 and June 16,1995, and discovered on June 16,1995. Subsequently, by letter from its counsel, Marlyn notified Charter Oak that the loss is “now established at $30,370.78” and that “the thefts or loss occurred mostly in 1994 and the first half of 1995.” On April 22, 1996, Marlyn through counsel, mailed a demand letter seeking relief pursuant to G.L.c. 93A and G.L.c. 176D. The response explained that $24,608.56 of the loss, the proof of which is dependent on a profit or loss computation, is specifically excluded from coverage. Charter Oak paid $6,000.00 toward the loss as the amount not based on a profit or loss computation. In addition, it concluded that coverage for any loss associated with Hansen terminated in June, 1994, as per a policy provision that provides that there is no coverage for the dishonest act of any employee that occurred after discovery of the act or acts.
Marlyn brought suit seeking recovery for breach of the insurance contract (Count I) and for a violation of c. 176D (Count II). On or about March 31, 1998, Charter Oak filed a motion for summary judgment as to both counts. As grounds for its motion, Charter Oak claimed that there were no disputed issues of material fact and that it is entitled to judgment as a matter of law. Specifically it argued that most of the losses occurred after coverage terminated under the “termination” provision of the policy and that no coverage exists for a loss “the proof of which as to its existence or its amount is dependant on a profit or loss computation.” Lastly, it claims that no private right of action exists under chapter 176D. Marlyn opposed the motion by suggesting that there were issues of material fact that required resolution by a fact finder. The trial judge allowed the motion as to Count II, denied it as to the breach of the insurance contract claim, and sua sponte, granted summary judgment in favor of Marlyn in the amount of $24,370.00, plus costs and interest.
*63 Appellate review of the granting or denying of a summary judgment motion involves the same standard employed initially by the trial judge. U.S. v. Diebold, 369 U.S. 654 (1962). However, where the trial court granted summary judgment for the nonmoving party, we must invert the usual standard and view the record in the light most flattering to the movant. Graham v. Quincy Food Service Employees Association, Hospital, Library and Public Employees Union, 407 Mass. 601 (1990). Applying Rule 56 criterion to the material before the trial judge, we rule that he was correct to deny Charter Oak’s motion for summary judgment because there existed a genuine dispute as to some material facts. However, for the same reason, we rule that it was error to enter judgment for Marlyn. In its motion, Charter Oak relied on the response to interrogatory 5, and the application of the “termination” provision of the policy. The interrogatory requested the date on which Marlyn first discovered that the dishonest employee was stealing lottery tickets. Marlyn’s president, Philip Chesky, responded “[ajpproximately one year prior to the firing of Mr. Hansen. Hr. Hansen was fired in June of 1995.” It is undisputed that the policy will not cover for a loss resulting from the dishonest acts of any employee occurring immediately after discovery by the policyholder. However, it remains uncertain that the above response resolves a material fact. In addition, Marlyn explained the loss more fully when it was permitted to make further answers to the above interrogatory. As a result, the only certainty is the existence of a dispute as to this material fact.
It is also undisputed that the policy excludes a loss of property or that part of any loss, the proof of which as to its existence or amount is dependent on a profit or loss computation. However, there exists a dispute as to the manner of the computation and the amount of the loss in question. Therefore, we rule that neither party is entitled to summary judgment and that the clerk of the trial court should indicate on the docket that the entry of judgment for the plaintiff dated June 15, 1998, as to Count I is hereby vacated.