LoConto, EJ.
The parties presented competing motions for summary judgment before the trial judge. Aggrieved hy the denial of its motion and the allowance of the defendants motion, the plaintiff brought this appeal in accordance with District/Municipal Courts Rules of Appellate Division Appeal, Rule 8C. The following facts and issues are necessary for an understanding of this appeal. On or about October 11, 2001, the plaintiff brought a complaint against the defendant seeking judgment for the unpaid amount of money lent the defendants spouse for necessaries, specifically, car repairs. It is undisputed that the defendant and her husband were married and lived in the same household at all relevant times prior to his death on December 27, 2000. The complaint cites the provisions of General Laws, Chapter 209, section 1 for support of its claim against a spouse for necessaries furnished to either spouse or a family member.[1] After hearing, the trial judge allowed the defendants motion for summary judgment, ruling that section 7, and not section 1, of Chapter 209 applies to the fects of this case.[2] After hearing before this Division, we determine that the trial judge applied the incorrect section of Chapter 209. In addition, we find that there exist genuine issues of material fact that require a trial.[3]
“Appellate review of the granting or denying of a summary judgment motion involves the same standard employed initially by the trial judge.” Marlyn Corp. v. Charter Oak Fire Ins. Co., 1999 Mass. App. Div. 62; see U.S. v. Diebold, 369 U.S. 654, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962). And we are permitted to consider any *194 ground that may support the judgment Muldoon v. LaChance Financial Services, Inc., 2002 Mass. App. Div. 46. Our analysis is twofold. First, whether this case can properly be resolved by motions for summary judgment And second, if so, how do we resolve the conflicting applicability between the above mentioned statutes.
“The purpose of summary judgment is to decide cases where there are no issues of material fact without the needless expense and delay of a trial followed by a directed verdict” Correllas v. Viveiros, 410 Mass. 314, 316 (1991). “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and responses to requests for admission under Rule 36, together with the affidavits, if any, show that there is no genuine issue as to any material feet and that the moving party is entitled to a judgment as a matter of law.” Mass. R. Civ. R, Rule 56. The plaintiff’s complaint states that the money loaned was for car repairs. The affidavit of its Manager/CEO dated February 15, 2002 avers that the money lent was for car repairs. A subsequent affidavit dated March 27,2002, repeats the allegation and also provides a detailed summary of the amounts and stated intent of the funds borrowed by the plaintiffs husband on this open end credit plan. In addition to car repairs, “death in family,” “bills” and “Christmas” are additionally stated purposes. In the defendanf s opposing affidavit, she denied that the money lent by the plaintiff was for necessaries and further states that her late husband was told by the plaintiffs representative to “put something down” as a reason for the advancement of funds. She challenges the plaintiff’s representation that the money was for necessaries and concludes that at all relevant times, she had her own automobile. As to what expenses constitute necessaries is a question of fact that must be determined by the court Tabor School Camp Inc. v. Pandolf, 24 Mass. App. Dec. 121, 131. “The term ‘necessaries’ in this connection is not confined to articles of food or clothing required to sustain life, but has a much broader meaning and includes such articles for use by a wife as are suitable to maintain her according to the property and condition in life of her husband.” Jordan Marsh Co. v. Cohen, 242 Mass 245, 249 (1922). Whether or not funds were borrowed for the stated purposes and whether or not these stated purposes constitute necessaries remains unresolved. Accordingly, there exist genuine issues of material fact Therefore, we vacate the allowance of the defendants motion for summary judgment and remand this case to the district court for trial.
Since the issue will resurface at trial, we address the conflict between sections 1 and 7 of Chapter 209. We reject the defendant’s argument expressed in her memorandum in opposition to the plaintiffs motion for summary judgment that section 1 is inapplicable to the facts in this case since “the statute clearly talks about jointly held property and does not refer to any other assets which a defendant spouse may have.” This Court's Northern Division addressed the issue when it upheld the trial judge’s denial of a surviving spouse’s motion to dismiss a claim by a nursing home for services rendered to her deceased husband. The court stated that
We are unpersuaded by the defendants contention that G.L.c. 209, §1 cannot serve as the basis of the plaintiffs claim because such statute deals exclusively with the rights and interests of spouses in property held as tenants by the entirety and is thus inapplicable to this case. It is undeniable that Chapter 727 of the Acts of 1979 (effective February 11, 1980) substantially revised G.L.c. 209, §1 ‘to alter the attributes of a tenancy by the entirety,’ Carey’s Inc. v. Carey, 25 Mass. App. Ct. 290, 294 n.3 (1988), in order ‘to protect the interests of a nondebtor spouse,’ Frost v. Zullo, 399 Mass. 1005 (1987), and to ‘attempt to equalize the rights of men and women’ in such property. Coraccio v. Lowell Five Cents Sav. Bank, 415 Mass. 145, 150 (1993). It is equally undeniable, however, that the Legislature included in its revision of G.L.c. 209, §1 an express, *195 unambiguous ‘proviso regarding liability of the spouses for necessaries.’ West v. First Agricultural Bank, 382 Mass. 534, 550 (1981). Such ‘proviso’ may be construed as imposing a statutory duty upon the defendant herein to render payment for die nursing home care furnished to her husband by the plaintiff. We reject as unreasonably restrictive the defendants interpretation that the Legislature intended to impose liability for a spouse’s necessaries only upon those spouses who hold property as tenants hy the entirety, and to exempt all other spouses who hold property under other legal forms of ownership or who own no real property. Mediplex of Massachusetts, Inc. v. Donovan, 1994 Mass. App. Div. 123, 124-5.
Additionally, we are persuaded hy the plaintiff’s argument that section 7, a statute that has not been amended since 1910, before women acquired the right to vote, is repugnant to both the Equal Rights Clause of the United States Constitution and the Equal Rights Amendment to the Constitution of the Commonwealth. We come to this conclusion irrespective that the result operates against a woman, since on its face, the statute cannot pass constitutional legitimacy. Additionally, we accept the general rule of statutory construction that “a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.” Board of Educ. v. Assessor of Worcester, 368 Mass. 511, 513 (1975), quoting from Industrial Fin. Corp. v. State Tax Comm’n, 367 Mass. 360, 364, (1975). And where two statutes relate to the same subject matter, “they should be construed together so as to constitute an harmonious whole consistent with the legislative purpose.” Board of Educ., supra, 368. As to whether the legislature impliedly repealed section 7 upon the enactment of section 1, the earlier statute is impliedly repealed if it is repugnant to and inconsistent with the later, so that both cannot stand. Emerson College v. City of Boston, 393 Mass. 303 (1984). We find that the test has been met and rule that at a subsequent trial of this case, Chapter 209, Section 1 shall he applied to the facts found to decide if the plaintiff is entitled to recovery.
For the above stated reasons, we direct the Clerk-Magistrate to vacate the allowance of the defendant's motion for summary judgment and restore the case to the trial list

 The interest of a debtor spouse in property held as tenants by the entirety shall not he subject to seizure or execution hy a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family. M.G.L.C. 209, §1.

 A married woman shall not be liable for her husband’s debts, nor shall her property be liable to be taken on an execution against him. But a married woman shall be liable jointly with her husband for debts due, to the amount of one hundred dollars in each case, for necessaries furnished with her knowledge or consent to herself or her family, if she has property to the amount of two thousand dollars or more. M.G.Lc. 209, §7.

 The defendant/appellee never filed a brief and did not appear at oral argument “If an appellee fails to file a brief, he or she will not be heard at oral argument except by permission of the Appellate Division.” District/Municipal Courts Rules of Appellate Division Appeal, Rule 19(c).