LoConto, P.J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal on the record of proceedings by the plaintiff of the allowance of the defendant’s Mass. R. Civ. R, Rule 56, motion for summary judgment. “Appellate review of the granting or denying of a summary judgment motion involves the same standard employed initially by the trial judge.” Pioneer Valley Fed. Credit Union v. Soja, 2002 Mass. App. Div. 193, quoting Marlyn Corp. v. Charter Oak Fire Ins. Co., 1999 Mass. App. Div. 62, 63. We are “confined to an examination of the materials before the court at the time the rulings were made.” Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 400 (2003), quoting Voutour v. Vitale, 761 F.2d 812, 817 (1st Cir. 1985).
This is an action for unpaid Personal Injury Protection (“PIP”) benefits brought after the defendant refused to pay medical bills submitted by the plaintiff. The defendant supported his motion for summary judgment with the following facts that were deemed admitted by operation of Mass. R. Civ E, Rule 36.[1] The plaintiff alleged by the filing of a PIP claim with the defendant that he had suffered personal injuries from a motor vehicle accident on January 19, 2004. By letter dated March 16, 2004, which was mailed to plaintiff’s counsel, the defendant requested that the plaintiff appear for an Independent Medical Examination (“IME”) on March 30,2004. A copy of said letter was presented as an exhibit. The plaintiff did not deny that he had failed to appear for the IME. Nor did he deny in the request for admissions that he had breached the insurance policy by his failure to appear. Neither the plaintiff, nor his counsel, requested the rescheduling of the March 30, 2004 IME. By letter dated April 1, 2004, sent to plaintiff’s counsel, the defendant requested that the plaintiff appear for a scheduled IME on April 21, 2004. Again, the plaintiff did not appear for the IME, and he did not deny in the request for admissions that he had failed to cooperate with the defendant’s request to appear for an IME. Neither the plaintiff, nor his counsel, requested the rescheduling of the April 21, 2004 IME. The plaintiff did not deny that he had breached the applicable insurance policy with the defendant. Additionally, the plaintiff did not deny that the defendant had been unable to verify his physical condition after March 30, 2004, and unable to verify the reasonableness or necessity of the plaintiff’s medical treatment on or after March 30, 2004 *261 because of the plaintiffs lack of cooperation. By letters dated May 20, 2004, August 9, 2004, and March 17,2008, the defendant notified the plaintiff through his counsel that PIP benefits had been denied for the plaintiffs failure to appear at two scheduled independent medical examinations.
The plaintiff supported his opposition to the defendant’s motion for summary judgment by attaching a redacted copy of the “running file notes” of his counsel’s office, accompanied by an attestation of counsel under the pains and penalties of perjury. From abbreviations following the notes, it appears that various individuals, including plaintiff’s counsel, entered the information. Rule 56(e) of the Mass. R. Civ. P. requires that “affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testily to the matters stated therein.” Although not essential to our resolution of the appeal, the affidavit of counsel does not, in its entirety, satisfy the rule.
The gravamen of the plaintiff’s opposition to the defendant’s motion for summary judgment, argued for the first time in this appeal, is that the defendant’s motion should be denied because the defendant failed to prove that it had been prejudiced by the plaintiff’s failure to cooperate. He argues that even if the plaintiff were uncooperative for his failure to attend either IME, the defendant cannot disclaim liability without a showing that it was prejudiced by such noncooperation.
Both by the insurance contract, which grants the defendant a “right to require [the injured] person to be examined by doctors selected by” the insurer, and by the PIP statute, which mandates that an injured party “shall submit to physical examinations by physicians selected by the insurer as often as may be reasonably required,” G.Lc. 90, §34M, a claimant is obligated to attend an IME, and “[n]oncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by” the statute. Id. Neither the policy, nor the statute, requires an insurer to show prejudice before invoking the defense of noncooperation by the claimant as a condition precedent to denying a claim. The decisional law reviewing this issue has also been consistent. Barron Chiropractic & Rehabilitation, P.C. v. Premier Ins. Co. of Mass., 2009 Mass. App. Div. 1, 2; Knight v. CNA Ins. Co., 2003 Mass. App. Div. 198, 200-201; Hodnett v. Arbella Mut. Ins. Co., 1996 Mass. App. Div. 131, 133. Although prejudice to the insurer need not be shown to deny coverage, the plaintiff’s admitted noncooperation prevented the defendant from verifying the plaintiff’s physical condition as well as the reasonableness or necessity of his claimed medical treatment. The plaintiff’s refusal to attend an IME put the defendant in the untenable position of paying the claim without question and without any means by which to measure the validity or necessity of the treatment, or being sued for violating the law. The existence of the prejudice is self-evident.
For the above reasons, we order that the clerk-magistrate of the Fitchburg Division of the District Court Department enter an order dismissing the appeal.
So ordered.

 Plaintiff never responded to requests for admissions, notwithstanding the defendant’s agreement to an extension.