Rutberg, J.
Anne-Marie Cormier (“Cormier”) colored her hair at home on April 14, 2003, with disastrous results. She awoke in the middle of the night because her head had become wet, cold, and sticky. The next day, April 15,2003, her scalp felt as if it had been burned and her cheeks and eyes were swollen. Knowing that “you could die” from using hair coloring, Cormier went to the emergency room later that day and reported that her scalp was burning due to a hair product. The emergency room doctor diagnosed Cormier’s condition as “contact dermatitis.” She returned to the emergency room the next day, April 16, 2003, because the burning and itching had not stopped. A week later, Cormier visited her primary care physician, whose records indicate a diagnosis of an “allergic reaction to hair coloring.” On May 22, 2003, after her hair had begun to fall out, Cormier notified L’Oreal Paris (“L’Oreal”), the manufacturer of the hair product she had used, of her injuries. On June 25,2003, Cormier was examined by a dermatologist, who diagnosed her condition as “sebor-rheic dermatitis.”
On May 31,2006, more than three years after she had colored her hair, was treated in the emergency room and seen by her primary care physician, but less than three years after she was examined by the dermatologist, Cormier commenced this action against L’Oreal. The complaint alleged that Cormier suffered personal injuries as a result of L’Oreal’s negligence, failure to warn, and breach of warranty. L’Oreal moved for summary judgment on the ground that the action was filed after the statute of limitations had run.
The trial court granted L’Oreal’s Mass. R. Civ. R, Rule 56, summary judgment motion, ruling that Cormier had not produced any evidence indicating that her cause of action accrued any time later than May 14, 2003, a date more than three years before her complaint was filed on May 31,2006. Cormier filed this Dist./Mun. Cts. R. A D. A, Rule 8C, appeal of the allowance of L’Oreal’s summary judgment motion. In reviewing that ruling, we apply the same standard applied by the trial court in granting the motion, Pioneer Valley Fed. Credit Union v. Soja, 2002 Mass. App. Div. 193, and base our review on the material that was properly before the trial court. Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 400 (2003).
The parties agree that the applicable statutes prescribe a three-year limitations period. G.L.c. 260, §2A; G.L.c. 106, §2-318. The parties also agree that the statutes of *16 limitations began to run when Cormier had notice of the injury. The parties differ, however, as to the date on which Cormier knew, or should have known, of her injury. Cormier claims that for statute of limitations purposes, she did not learn, and could not have learned, of her injuries until after she was examined by the dermatologist. L’Oreal maintains that the statutes of limitations began to run when Cormier reasonably knew she was injured and that her injury may have been caused by L’Oreal.
“[T]he statute of limitations starts to run when an event or events have occurred that were reasonably likely to put the plaintiff on notice that someone may have caused her injury.” Bowen v. Eli Lilly & Co., 408 Mass. 204, 207 (1990). See also Franklin v. Albert, 381 Mass. 611, 618 (1980). Further, “[t]he plaintiff need not know the full extent of the injury before the statute starts to run.” Bowen, supra, citing Olsen v. Bell Tel. Lab., Inc., 388 Mass. 171, 175 (1983). The undisputed record before us shows that Cormier knew she had suffered an injury as a result of her hair coloring by the time she went to the hospital’s emergency room. The record also clearly indicates that Cormier reported her injuries to L’Oreal on May 22,2003. The record is devoid of anything that would permit a court to question these facts. Anyone in Cormier’s position should have known that any injuries she sustained were caused by L’Oreal no later than May 22, 2003; therefore, the statutes of limitations expired by May 22, 2006 at the latest — nine days before this action was commenced.
Cormier’s visit to the dermatologist does not add anything substantive to our analysis. There is nothing in the record that could lead a reasonable person to believe that seborrheic dermatitis is anything but a medical name for the obvious injuries that Cormier sustained. The statutes of limitations began to run when Cormier reasonably knew she suffered injuries as a result of her use of L’Oreal’s product. The record establishes that she had such knowledge more than three years before she filed her complaint.
Summary judgment for the defendant is affirmed.
So ordered.